932 A.2d 56

**TOWNSHIP OF DERRY, Appellant,**

v.

**PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY, The Milton S. Hershey Center, and Pennsylvania State University, Appellees.**

Supreme Court of Pennsylvania.

Submitted June 25, 2007.

Decided Sept. 26, 2007.

James Paul DeAngelo, Esq., Kimberly Marie Colonna, Esq., Kimberly A. Selemba, Esq., McNees, Wallace & Nurick, L.L.C., Harrisburg, PA; Jon A. Yost, Esq., Yost & Davidson, Hershey, PA, for Derry Township.

Roger H. Caffier, Esq., Kelly Kathleen Smith, Esq., PA Department of Labor & Industry, Harrisburg, PA, for Department of Labor and Industry.

James Michael Horne, Esq., Dominick Joseph Muracco, III, Esq., McQuaide Blasko, Attorneys at Law, State College, PA, for Milton S. Hershey Medical Center & PA State University.

CAPPY, C.J., and CASTILLE, BAER, EAKIN, SAYLOR, FITZGERALD, JJ.

## *OPINION*

PER CURIAM.

Appellant challenges the Commonwealth Court's decision to dismiss its petition for review as unripe.

Appellant filed its petition, styled as a declaratory relief action, in September 2006. Its primary complaint is that regulations promulgated by the Department of Labor and Industry (the "Department" or "DLI") implement an overly broad construction of the term "state-owned buildings" to include buildings located at the Milton S. Hershey Medical Center (the "Medical Center") in Derry Township.[1] According to Appellant, the effect of the Department's regulation, in conjunction with the application of the Pennsylvania Construc-

1. DLI's regulations define "State-owned building" as:

 A building owned by or to be constructed for Commonwealth entities consisting of the General Assembly, the Unified Judicial System, the Pennsylvania Higher Education Assistance Agency, an executive agency, independent agency, and a State-affiliated entity or State-related institution as defined in 62 Pa.C.S. § 103 (relating to definitions).

 34 Pa.Code § 401.1. 62 Pa.C.S. § 103 defines "State-related institution" to include The Pennsylvania State University.

tion Code Act, 35 P.S. § 7201.101–7201.1103, which requires the Department to maintain plan and specification review and inspection authority of all State-owned buildings, 35 P.S. § 7210.301, is to displace the ability of municipalities to review and approve construction plans, issue building permits, and collect fees, in connection with the construction of certain non-Commonwealth buildings. The petition identifies several construction projects at the Medical Center as to which Appellant contends that local ordinances have been circumvented. All respondents filed preliminary objections.

Rather than addressing the matters raised in the preliminary objections, the Commonwealth Court invoked the doctrine of ripeness *sua sponte* and dismissed the petition for review with prejudice in an unpublished opinion. The Commonwealth Court set out the standards pertaining to the application of the ripeness doctrine as follows:

> In deciding whether the doctrine of ripeness bars our consideration of a declaratory judgment action, we consider "whether the issues are adequately developed for judicial review and what hardships the parties will suffer if review is delayed." *Alaica v. Ridge*, 784 A.2d 837, 842 (Pa.Cmwlth. 2001) (quoting *Treski v. Kemper Nat'l Ins. Cos.*, 449 Pa.Super. 620, 674 A.2d 1106, 1113 (1996)). The factors we consider under our "adequately developed" inquiry include: whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the amount of fact finding required to resolve the issue; and whether the parties to the action are sufficiently adverse. *Id.* Under the "hardship" analysis, we may address the merits even if the case is not as fully developed as we would like, if refusal to do so would place a demonstrable hardship on the party. *Id.*

According to the Commonwealth Court, Appellant has suffered no harm, because it has not attempted to enforce its own building permit requirement via a formal enforcement action. Moreover, the court believed that there were unresolved factual issues that would impede judicial review. Finally, the court found that Appellant would not suffer demonstrable harm if

review was denied, since it was free to attempt to enforce its ordinance.

The issue as framed by Appellant is as follows:

Must the Commonwealth Court exercise its original jurisdiction to consider the merits of the Township's Petition for Review challenging the validity of an agency regulation that has been formally promulgated and that is directly affecting the Township?

Presently, Appellant argues that its petition for review presented an appropriate claim for declaratory relief based on undisputed allegations that an overly-broad regulation adopted by DLI was being applied to construction projects within Derry Township. According to Appellant, the issue presented in its petition for review was adequately developed for judicial review, and the Commonwealth Court's refusal to consider the petition will cause harm to the Township in terms of the expense, burden, and delay of pursuing a municipal enforcement action against the Medical Center. Appellant regards such course as particularly burdensome, since such an action will not even resolve the question of the propriety of the challenged DLI regulation. Moreover, Appellant asserts that the issue presented in the petition for review is primarily a question of law, and there were no factual disputes justifying dismissal of the action.

The Department agrees with Appellant's position that the matter is ripe for judicial resolution in the Commonwealth Court. It stresses the importance of the resolution by the Commonwealth of matters of statewide importance, such as the interpretation of a statute by a Commonwealth administrative agency, since the Commonwealth Court is the statewide tribunal of special expertise designed for just such purpose. Further, DLI explains that "there are clearly antagonistic claims regarding the validity of the definition of *State-owned building* in the [Department's regulations] and the responsibility for plan and specification review and inspection of ongoing construction projects at [the Medical Center]." Brief for DLI at 10 (emphasis in original). DLI also observes that the Commonwealth Court's decision in this case is inconsistent

with its earlier decision in a pre-enforcement challenge to Department regulations on manufactured housing requirements. *See DRB, Inc. v. DLI,* 853 A.2d 8 (Pa.Cmwlth.2004), *aff'd per curiam,* 585 Pa. 8, 887 A.2d 1216 (2005). Indeed, the Department suggests that this case presents a more concrete controversy than that presented in *DRB,* since the regulation in question is presently being enforced by the Department. *See* Brief for DLI at 11 ("There is an ongoing controversy in Derry Township concerning enforcement of this regulation. Commonwealth Court did not even mention in its analysis that there is real and pending construction."). Finally, the Department agrees with Appellant that the issues involved are purely legal in character; the parties are clearly at odds regarding the validity and application of the challenged regulations that are enforced by the Department and municipalities; and the parties are suffering actual harm due to the uncertainty surrounding the enforcement of the challenged regulation. *See id.* DLI thus contends that the Commonwealth Court's order should be vacated; however, it invites this Court to rule in its favor on the matters raised in its preliminary objections. *See id.* at 13–17.

The Medical Center and the Pennsylvania State University ("PSU") support the Commonwealth Court's application of the ripeness doctrine. Initially, they criticize Appellant for failing to initiate enforcement proceedings available to it under the terms of its zoning ordinances. The Medical Center and PSU claim that there are unresolved factual issues, including the ownership of the construction projects at the Medical Center, and the case is premised upon a variety of contingent and speculative events which may not occur or transpire as expected. These Appellees note:

> In light of the legal standards applicable to a consideration of the validity of the regulation at issue, Penn State would, in any proceeding which challenges the regulations, present considerable factual evidence. This would include evidence as to the number and location of Penn State's campuses, the number of construction projects ongoing at those campuses, the various funding sources for Penn State construction

projects, whether public, private or some combination thereof, the ownership status of the construction projects, the status of the title to buildings on Penn State's campuses, the difficulties of dealing with multiple local zoning and code offices and so forth. Penn State believes that evidence on these matters is directly relevant to address the reasonableness of the regulation, which places all the construction projects at Penn State's many campus locations under the control of a single state agency well versed in the inspection and oversight of such projects.

Brief for Appellees the Medical Center and PSU, at 11–12. According to the Medical Center and PSU, there is an absence of a concrete framework within which the Commonwealth Court could decide a question which could affect all the state-related universities and every municipality which hosts one of their many campuses. Finally, the Medical Center and PSU assert that it is readily apparent that Appellant suffers no harm from the dismissal of the action, as it possesses the ability to initiate enforcement proceedings under its zoning ordinance.

 We regard the matter of whether a proceeding is ripe as a question of law, as to which our standard of review is de novo, and our scope of review is plenary.

Under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, the courts are generally open to declare rights, status, and other legal relations. *See* 42 Pa.C.S. §§ 7532, 7533. The enactment is to be liberally applied to afford relief from uncertainty and insecurity. *See* 42 Pa.C.S. § 7541(a).

 While there are several jurisdictional and prudential doctrines that limit the availability of declaratory relief, we agree with Appellant and the Department that the Commonwealth Court should not have dismissed the petition for review on ripeness grounds. As the Commonwealth Court noted, in determining whether a matter is ripe for judicial review, courts generally consider whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed. *See supra.*

Although the Medical Center and PSU are reserved in terms of their description of the character of the present dispute,[2] Appellant and DLI have correctly developed that the allegations of the petition for review reflect an actual and ongoing controversy. The Department agrees that its regulation has the present effect of displacing the local approval process in connection with construction activities at Hershey Medical. Moreover, it seems apparent that this matter, in which a Commonwealth agency has been named as a party-respondent, would be best decided in the specialized tribunal designed to address this sort of controversy of statewide significance. In this regard, as noted in Appellant's reply brief, the litany of evidence that the Medical Center and PSU indicate that they would produce in response to any challenge to the Department's regulations, *see supra*, would not be likely to be relevant in any specific enforcement proceeding.[3] Furthermore, the enforcement process has not been accepted as a substitute for declaratory judgment review in analogous circumstances involving substantial challenges to state administrative regulations, *see, e.g., Arsenal Co. v. DER*, 505 Pa. 198, 477 A.2d 1333, 1340 (1984); indeed, the concept of pre-enforcement review of such regulations has expressly been approved. *See id.* at 1338. Finally, it terms of hardship, we find it sufficient that Appellant has alleged that there are major, ongoing construction activities being conducted within its bor-

2. According to the Medical Center's and PSU's brief, "[t]he ultimate reason for [the] failure on the part of Penn State and Hershey Medical Center [to obtain local building permits for ongoing construction projects] is, at this time unknown." Brief for the Medical Center and PSU, at 14. This may be true as a matter of record in the Commonwealth Court, because these respondents have not yet been required to file an answer to the petition for review. However, certainly *they* are aware of the reasons why they did not follow local procedure, and they have not suggested that it is for any other reason than reliance upon the Department's regulations.

3. We express no opinion here concerning whether, and to what extent, such evidence is material and/or admissible in the proceedings in the Commonwealth Court. Rather, we merely note that the proceedings which the Medical Center and PSU contemplate, in the context of this action in which a Commonwealth administrative agency has been named as a party-respondent, are better suited to resolution by the Commonwealth Court.

ders outside the local approval process which it contends should apply.

The order of the Commonwealth Court is reversed; the Department's request for this Court's present review of its preliminary objections is denied; and the matter is remanded to the Commonwealth Court for further proceedings consistent with this opinion.

Justice BALDWIN did not participate in the consideration or decision of this case.