# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman E. Gregory,                    :
                    Petitioner       :
                                     :
         v.                          :    No. 245 M.D. 2015
                                     :
Pennsylvania State Police,           :
                    Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge


OPINION BY
JUDGE COHN JUBELIRER              FILED:  March 21, 2017


Before this Court in our original jurisdiction is the Preliminary Objection (PO) pursuant to Rule 1028(a)(5) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a)(5) of the Pennsylvania State Police (State Police) to Norman E. Gregory's (Petitioner) "Third Amended Petition for Relief" (Petition for Review). Petitioner alleges that he was convicted of a crime of a sexual nature in 1982 and has been incarcerated since.[1]    Petitioner alleges that he was paroled by the

---

[1] We note that the timeline as articulated in the Petition for Review conflicts with Petitioner's allegations in an earlier iteration of his Petition for Review.  In Gregory v. Pennsylvania State Police (Pa. Cmwlth., No. 245 M.D. 2015, filed October 3, 2016), slip op. at 2, this Court stated:

> Petitioner pleaded nolo contendere on March 2, 1983 in the Allegheny County Court of Common Pleas to charges including Attempted Rape, Rape, Robbery, Indecent Assault, Burglary, Terroristic Threats, False Imprisonment, Simple

*(Continued…)*

Pennsylvania Board of Probation and Parole in December 2015 or January 2016, and will be released upon approval of a home plan. (Petition for Review ¶ 4, Answer to PO ¶ 5.) Petitioner alleges that he will be required to register with the State Police as a sexual offender pursuant to Sexual Offender Registration and Notification Act (SORNA)[2] upon release from incarceration. (Petition for Review ¶ 4; Answer to PO ¶ 9.)

The Petition for Review asserts three Counts. In Count I, Petitioner alleges that SORNA is unconstitutional as applied to him because it denies him equal protection under the law. (Petition for Review ¶¶ 16-19.) In Count II, Petitioner challenges Section 9799.11(b)(2) of SORNA, 42 Pa. C.S. § 9799.11(b)(2), which declares that SORNA "shall not be construed as punitive." Petitioner asks this Court to strike this statutory provision on the basis that the General Assembly should not make findings that are within the sole purview of the courts. (Petition for Review ¶ 20.) In Count III, Petitioner alleges that SORNA's notification and registration requirements and related procedures are unconstitutional as applied to him under the Ex Post Facto Clause of the United States Constitution, U.S. Const. Art. I § 10 (stating "[n]o State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . ."). (Petition for Review ¶¶ 21-32.)

The State Police filed a single PO on February 7, 2017, alleging that Petitioner lacks the capacity to sue because he is not, at the time of filing the PO,

---

Assault and Recklessly Endangering Another Person. On February 15, 1984, Petitioner was sentenced to an aggregate term of incarceration of 17 and one-half to 50 years. Commonwealth v. Gregory[] (Pa. Super.[,] No. 1229 WDA 2012, filed October 8, 2013), slip op. at 1- 2; (Preliminary Objections Exhibits A, B.)

[2] 42 Pa. C.S. §§ 9799.10–9799.41, effective December 20, 2012.

2

registered with the State Police as a sexual offender. (PO ¶ 10.) The State Police alleges that Petitioner lacks standing to bring the action because he is not yet aggrieved. (PO ¶¶ 12-13.) According to the State Police, Petitioner "could be required to register as a sex offender *at some future point* in time, if his sentence were to expire or he were to be paroled, but that has not yet occurred." (PO ¶ 11 (emphasis in original.)). The State Police asks this Court to sustain the PO and to dismiss the Petition for Review with prejudice.

When ruling on preliminary objections,

> the courts accept as true all well-pleaded allegations of material facts as well as all of the inferences reasonably deducible from the facts. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party.

Stilp v. Com., 927 A.2d 707, 709 (Pa. Cmwlth. 2007), aff'd, 946 A.2d 636 (Pa. 2008) (citation omitted).

The State Police characterizes its PO as alleging Petitioner lacks standing. However, the allegations could equally be construed as asserting a ripeness challenge because the State Police's objection focuses on the timing of the action, not whether Petitioner is the right person to assert the cause of action. However, since "ripeness[] overlaps substantially with standing," and the difference between the two concepts is "one of the most confused areas of the law," Rendell v. Pennsylvania State Ethics Commission, 983 A.2d 708, 718 & 718 n.12 (Pa. 2009), the Court will address the State Police's PO as if it generally alleges that there is no case or controversy and will analyze both standing and ripeness.

For a party to have standing to initiate an action under Pennsylvania's prudential standing principles, "the underlying controversy must be real and

concrete, such that the party initiating the legal action has, in fact, been 'aggrieved.'" Office of Governor v. Donahue, 98 A.3d 1223, 1229 (Pa. 2014) (quoting Pittsburgh Palisades Park, LLC v. Com., 888 A.2d 655, 660 (Pa. 2005)). An aggrieved party is one who can establish a "substantial, direct and immediate interest in the outcome of the litigation." Fumo v. City of Phila., 972 A.2d 487, 496 (Pa. 2009).

> A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

Donahue, 98 A.3d at 1229. In deciding whether the matter is ripe for our disposition, the Court considers "whether the issues are adequately developed for judicial review and what hardships the parties will suffer if review is delayed." Twp. of Derry v. Pennsylvania Dep't of Labor and Indus., 932 A.2d 56, 58 (Pa. 2007) (citation omitted).

With regard to standing, there is little question that Petitioner has a substantial and direct interest in determining whether SORNA is unconstitutional as applied to him. Petitioner's interest in the constitutionality of SORNA as applied to him "surpasses the interest of all citizens in procuring obedience to the law," and there is a "causal connection" between the impending application of SORNA upon Petitioner and the alleged harm imposed. Donahue, 98 A.3d at 1229. The key question is whether Petitioner has an immediate interest. The Court holds that he does.

4

In Williams v. Department of Corrections (Pa. Cmwlth., No. 353 M.D. 2014, filed October 15, 2015) (en banc),[3] a class of all inmates serving a sentence of death in the Commonwealth filed a petition for review in the Court's original jurisdiction seeking, among other things, a declaration that the lethal injection protocol used by the Commonwealth is unlawful under various provisions of state and federal law. Williams, slip op. at 4-9. The Department of Corrections (Department) objected to the petition for review by alleging, *inter alia*, that the matter was not ripe and the petitioners lacked standing "because not all [of the p]etitioners have active death warrants signed by the Governor and those [p]etitioners under active warrants have had their executions judicially stayed." Id., slip op. at 18-19. The Department asserted that the matter was not justiciable because the petitioners could not show that they were actually going to be executed by the method outlined in the lethal injection protocol. We overruled the Department's POs, reasoning that "the [Department] fail[ed] to take into account that the [p]etitioners have all been sentenced to death by a court of this Commonwealth and each [p]etitioner remains incarcerated on death-row." Id., slip op. at 19. The Court concluded that the matter was ripe for disposition and that the petitioners had standing because the allegations established that they were all sentenced to death and on death row and, therefore, each petitioner had a direct interest in the particular drugs used in the execution process. Id., slip op. at 19-21.

Like the harm alleged by the petitioners in Williams, the harm alleged by Petitioner here has not yet been imposed. Yet, also like the petitioners in Williams,

---

[3] According to Section 414(a) of this Court's internal operating procedures, "an unreported opinion of this [C]court" issued after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

5

the harm is not speculative because the harm will be imposed by operation of law. Moreover, Petitioner alleges that he has been granted parole and that SORNA's registration requirements will be imposed on him as soon as a home plan is approved. (Petition for Review ¶ 4; Answer to PO ¶ 9.) Thus, the harm is not remote.

With regard to ripeness, the issues here are fully developed for the Court's review. Waiting for SORNA to be imposed upon Petitioner would add little to this Court's review of the legal issues raised. In terms of the hardship, Petitioner would suffer if review is delayed, the Court notes that Petitioner is allegedly in the waning months of his incarceration. Pursuant to Section 9799.19(b.1)(2)(iv) of SORNA, Petitioner may not be released from incarceration on parole "until the correctional facility receives verification from the [] State Police that the [] State Police has received the information" required for the registry. 42 Pa. C.S. § 9799.19(b.1)(2)(iv). Such information includes: the offender's name, including any aliases or the like used for self-identification purposes on the internet for communications and posting; telephone numbers; social security number; address of each residence or intended residence whether or not located in the Commonwealth; passport or immigration documents; the name and address of any employers; any occupational or professional licensing numbers; date of birth; driver's license number; and information on any vehicles owned or operated. Section 9799.16(b) of SORNA, 42 Pa. C.S. § 9799.16(b), (c). Much of this information is subsequently placed on the State Police's public internet website. Section 9799.28(b) of SORNA, 42 Pa. C.S. § 9799.28(b). Upon release, Petitioner would be required to remain on the registry and the State Police's public website, or be subject to the penalties associated with failing to comply with the registration

6

requirements. Section 9799.21(a) of SORNA, 42 Pa. C.S. § 9799.21(a). Because Petitioner must supply the registration information *prior to release*, and will be included on the registry and the State Police's public internet website upon his release, Petitioner would face significant hardship should this matter not be resolved prior to his release from incarceration. Because Petitioner will face hardships by delaying review and waiting for the State Police to place Petitioner on the registry would not assist this Court's resolution of the matters asserted in the Petition for Review, the Court concludes that the matter is ripe for disposition.

Accordingly, the State Police's PO alleging that Petitioner lacks the capacity to sue is, therefore, overruled. State Police shall file an Answer to the Petition for Review within 30 days of the accompanying Order.

_____
**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman E. Gregory,                          :
                     Petitioner      :
                                 :
                v.                          :      No. 245 M.D. 2015
                                 :
Pennsylvania State Police,                  :
                    Respondent    :

## **O R D E R**

**NOW**, March 21, 2017, the Pennsylvania State Police's Preliminary Objection to the Third Amended Petition for Relief in the above-captioned matter is **OVERRULED**. The Pennsylvania State Police shall file an Answer to the Third Amended Petition for Relief within 30 days of this Order.

_____
**RENÉE COHN JUBELIRER,** Judge