## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victor Young III,               :
          Petitioner        :
                                  :
       v.                        :
                                  :
Pennsylvania State Police,      :    No. 448 M.D. 2017
          Respondent      :    Submitted: October 12, 2018


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: December 14, 2018


      Before the Court are the Preliminary Objections to the Amended Petition for Review (Preliminary Objections) filed by the Pennsylvania State Police (PSP) in this Court on June 6, 2018 in response to Petitioner Victor Young III's (Petitioner) Amended Petition for Review Per Commonwealth Court Order of April 24, 2018 (Amended Petition). Representing himself, Petitioner seeks relief from sexual offender registration requirements. PSP challenges Petitioner's standing and asserts that he fails to state a cognizable claim because he is not yet subject to registration requirements while he remains incarcerated. For the reasons that follow, we overrule PSP's Preliminary Objections.

      On April 3, 2007, Petitioner entered a plea of guilty but mentally ill[1] to one count of rape and one count of involuntary deviate sexual intercourse in the

---

[1] A plea of guilty but mentally ill has the effect of a guilty plea.

Court of Common Pleas of Erie County (court of common pleas).  On August 1, 2007, the court of common pleas imposed an aggregate sentence of 17 to 34 years of incarceration.[2]  On September 27, 2017, Petitioner filed his Petition for Writ of Mandamus (Petition) claiming that, pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied sub nom. Pennsylvania v. Muniz*, __ U.S. __, 138 S. Ct. 925 (2018),[3] he cannot be subjected to the registration and notification requirements of the Sex Offender Registration and Notification Act (SORNA).[4]  *See* Petition at 3-6 (pagination supplied).  On April 30, 2018, Petitioner filed the Amended Petition.[5]  On June 6, 2018, PSP filed the instant Preliminary Objections that argue: (1) Petitioner lacks standing; and (2) Petitioner has failed to state a claim upon which relief can be granted or, in the alternative, has stated a claim which is moot.  *See* Preliminary Objections at 2-4.  On July 27, 2018, Petitioner filed his Answer to Respondent's Preliminary Objections to the Amended Petition for Writ of Mandamus (Answer) and his Brief in Support of the Answer to Respondent's Preliminary Objections.  On August 14, 2018, the Court filed an order directing the

---

[2] Rape and Involuntary Deviate Sexual Intercourse were both Tier III sexual offenses subject to lifetime registration requirements under Megan's Law III, the predecessor of the Sex Offender Registration and Notification Act (SORNA), which was in effect at the time of Petitioner's convictions.  *See* Former 42 Pa.C.S. §§ 9799.14(d)(2) & 9799.15(a)(3).

[3] In *Commonwealth v. Muniz*, 164 A.3d 1189, 1218 & 1223 (Pa. 2017), our Supreme Court determined that the retroactive application of increased registration requirements enacted by SORNA violated the United States and Pennsylvania Constitutions.

[4] 42 Pa.C.S. §§ 9799.10–9799.41.

[5] The Amended Petition elaborates on Petitioner's claim that he cannot be subjected to Megan's Law III, 42 Pa.C.S. §§ 9791-9799.9, registration requirements by arguing that, because our Supreme Court struck down the statute that enacted Megan's Law III as violative of the single subject rule in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), Megan's Law III was void *ab initio*.  *See* Amended Petition at 3-5 (pagination supplied).

Preliminary Objections to be decided on briefs. The parties have each submitted briefs, and the matter is now ripe for determination by this Court.[6]

PSP characterizes its first preliminary objection as alleging that Petitioner lacks standing. *See* Preliminary Objections at 2-3. PSP argues that, because Petitioner is currently incarcerated and has no actual obligation to register as a sex offender until his release from prison, any challenge to his future registration requirement is non-justiciable until that time. *Id.* We disagree.

Previously, in *Gregory v. Pennsylvania State Police*, 160 A.3d 274 (Pa. Cmwlth. 2017), this Court faced a nearly identical PSP preliminary objection to a still-incarcerated individual's petition seeking to avoid SORNA compliance. In that matter, we noted that such an allegation "could equally be construed as asserting a ripeness challenge because [PSP's] objection focuses on the timing of the action, not whether Petitioner is the right person to assert the cause of action." *Id.* at 276. We further explained that, "since ripeness overlaps substantially with standing, and the difference between the two concepts is one of the most confused areas of the law, the Court will address the [PSP preliminary objection] as if it generally alleges that there is no case or controversy and will analyze both standing and ripeness." *Id.* (internal quotations, brackets, and citation omitted). The same analysis is appropriate in the instant matter.

---

[6] When ruling on preliminary objections,

> the courts accept as true all well-pleaded allegations of material facts as well as all of the inferences reasonably deducible from the facts. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party.

*Gregory v. Pa. State Police*, 160 A.3d 274, 276 (Pa. Cmwlth. 2017).

Our Supreme Court has noted the following regarding standing and ripeness:

> [T]here is considerable overlap between the two doctrines, especially where the objecting party's claim that the matter is not justiciable is focused on arguments that the interest asserted by the petitioner is speculative, not concrete, or would require the court to offer an advisory opinion.
>
> Generally, the doctrine of standing is an inquiry into whether the petitioner filing suit has demonstrated aggrievement, by establishing a substantial, direct and immediate interest in the outcome of the litigation. . . . In this sense, a challenge that a petitioner's interest in the outcome of the litigation is hypothetical may be pled either as determinative of standing or restyled as a ripeness concern although the allegations are essentially the same. Standing and ripeness are distinct concepts insofar as ripeness also reflects the separate concern that relevant facts are not sufficiently developed to permit judicial resolution of the dispute.

*Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 234 (Pa. 2017) (internal citations and quotations omitted).

"[T]he doctrine of ripeness mandates the presence of an actual controversy and requires consideration of whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed." *Bucks Cty. Servs., Inc. v. Phila. Parking Auth.*, 71 A.3d 379, 390 (Pa. Cmwlth. 2013) (internal quotations and citation omitted). Additionally, "[f]or a party to have standing to initiate an action under Pennsylvania's prudential standing principles, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been 'aggrieved.'" *Gregory*, 160 A.3d at 276 (internal

4

quotations and citation omitted). "An aggrieved party is one who can establish a substantial, direct and immediate interest in the outcome of the litigation." *Id.* (internal quotations and citation omitted).

> A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

*Id.* at 276-77. In determining ripeness, courts determine "whether the issues are adequately developed for judicial review and what hardships the parties will suffer if review is delayed." *Id.* at 277.

Here, no dispute exists that Petitioner is currently in prison serving a 17- to 34-year sentence based on a guilty but mentally ill plea to one count of rape and one count of involuntary deviate sexual intercourse. *See* Amended Petition at 1; Preliminary Objections at 2; Answer to Respondent's Preliminary Objections to the Amended Petition for Writ of Mandamus at 4. Under either SORNA or Megan's Law III, these sexual offenses require lifetime registration as a sexual offender. *See* 42 Pa.C.S. §§ 9799.14(d)(2) & 9799.15(a)(3). Further, there is no dispute that Petitioner is not eligible for parole until the year 2023. *See* Amended Petition at 1; Preliminary Objections at 2-3; Answer to Respondent's Preliminary Objections to the Amended Petition for Writ of Mandamus at 4.

PSP contends Petitioner is not adversely impacted by SORNA because, as he is still incarcerated, he is not yet subject to SORNA's registration requirements. *See* Preliminary Objections at 2-3. We disagree.

5

Sexual offenders have standing to challenge the registration requirements to which they will be subject upon their release from prison. *See Gregory*, 160 A.3d at 276; *see also Van Doren v. Mazurkiewicz*, 695 A.2d 967, 972 (Pa. Cmwlth. 1997) (holding inmate had pre-release standing to challenge Megan's Law I registration requirements). In *Gregory*, this Court concluded that, despite not having pre-release registration obligations under SORNA, an inmate had standing to challenge SORNA because (1) he had a substantial and direct interest in determining whether SORNA was unconstitutional as applied to him, and (2) the harm the inmate would suffer was not speculative because it would be imposed by operation of law upon his release from prison. *Gregory*, 160 A.3d at 277. Likewise, the *Gregory* Court found ripe for disposition an inmate's claim regarding future SORNA requirements because "waiting for SORNA to be imposed . . . would add little to this Court's review[.]" *Id.* at 278.

Here, like the inmate in *Gregory*, Petitioner was sentenced under a previous version of Megan's Law and has a direct and substantial interest in determining the constitutionality of the application of current registration requirements to his case. *See Muniz*, 164 A.3d at 1218 & 1223. Further, Petitioner does not claim a speculative or remote harm. By operation of law, Petitioner's name will be included upon the PSP's sexual offender's registry website upon his release from prison. The fact that his release may not be imminent does not render Petitioner's harm remote. Additionally, the matter should be resolved prior to Petitioner's release from incarceration, as delaying review will not assist our resolution. Petitioner has standing to seek relief, and the threatened harm renders his claim ripe. Accordingly, PSP's first preliminary objection claiming that Petitioner lacks standing to sue is overruled.

6

In its second preliminary objection, PSP alleges that the Amended Petition fails to state a claim, or, alternatively, the claim is moot because it seeks relief only from registration requirements established by Megan's Law III and/or SORNA. *See* Preliminary Objections at 3-4. PSP agrees that neither Megan's Law III nor SORNA should be applied to Petitioner, but argues instead that the recently-enacted registration scheme established by the Act of February 21, 2018, P.L. 27 (Act 10) and the Act of June 12, 2018, P.L. 140, No. 29 (Act 29) currently does apply to Petitioner. Preliminary Objections at 3-4; *see also* PSP's Brief at 4-6. PSP argues, however, that because the Amended Petition seeks relief only from Megan's Law III registration requirements, and not subsequent versions, the Amended Petition fails to state a claim. Preliminary Objections at 3-4; *see also* PSP's Brief at 4-6. Petitioner argues that he has stated a claim because SORNA and its subsequent replacements/amendments are amendments of the previous iterations of Pennsylvania's Megan's Laws, the imposition of which he challenges. Petitioner's Brief at 7.

Our Supreme Court held in *Muniz* that certain retroactive applications of SORNA that increased sexual offenders' registration requirements violated the United States and Pennsylvania Constitutions. *See Muniz*. No dispute exists that Petitioner's convictions predate SORNA. Therefore, questions regarding the constitutionality of the application of SORNA or its amendments to Petitioner's convictions raise a claim. That SORNA has yet to be applied to Petitioner does not bar relief. *See Gregory*. Accordingly, we overrule PSP's second preliminary objection to the extent it raises a claim in the nature of a demurrer to the Amended Petition.

For the foregoing reasons, we overrule PSP's Preliminary Objections.[7, 8]

_____

CHRISTINE FIZZANO CANNON, Judge

---

[7] Procedurally, we note that, because PSP concedes that Petitioner should not be required to comply with the sexual offender registration requirements of either Megan's Law III or the version of SORNA Petitioner challenges in his Petition, Petitioner may be entitled to the relief he seeks. Preliminary Objections at 3-4; *see also* PSP's Brief at 4-6. However, given this matter's procedural posture and the pleadings currently before us, we may not grant such relief at this time.

[8] We further acknowledge that, following our Supreme Court's decision in *Muniz*, the Generally Assembly amended SORNA through the enactment of Act 10 and Act 29, which now collectively represent the currently operable version of SORNA outlining registration requirements for sexual offenders in Pennsylvania. However, because neither the Petition nor the Amended Petition seek relief under either Act 10 or Act 29, we offer no opinion as to the application of these acts here.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victor Young III,                 :
          Petitioner        :
                         :
        v.                :
                         :
Pennsylvania State Police,    :    No. 448 M.D. 2017
          Respondent    :

# **O R D E R**

**AND NOW**, this 14th day of December, 2018, the Pennsylvania State Police's June 6, 2018 Preliminary Objections to the "Amended Petition for Review Per Commonwealth Court Order of April 24, 2018" (Amended Petition) are **OVERRULED**. The Pennsylvania State Police shall file an Answer to the Amended Petition within 30 days of this Order.

_____
CHRISTINE FIZZANO CANNON, Judge