J-S80028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN ARTERS, :
:
Appellant : No. 3312 EDA 2017

Appeal from the Judgment of Sentence March 27, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004016-2011

BEFORE:    BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                      **FILED APRIL 30, 2019**

Kevin Arters appeals from the judgment of sentence imposed on March 27, 2017, after he was found guilty of violating the terms of his parole and probation.  We affirm.

Appellant pled guilty to various charges related to his sexual abuse of children and, on April 12, 2012, was sentenced and determined to be a sexually violent predator ("SVP") under Megan's Law II.  After incurring new charges related to the sexual abuse, Appellant's probation and parole were revoked in 2014, resulting in a new sentence.  In 2016, he was convicted of new offenses concerning sexual abuse of children, which resulted in his parole and probation in the instant case again being revoked, and a new judgment of sentence imposed on March 27, 2017.  On that same date, Appellant was sentenced in the first instance for the newest charges, including a new SVP determination under the Sexual Offender registration and Notification Act

("SORNA"), and on parole and/or probation violations in two other cases, resulting in a total term of imprisonment of thirty-five to seventy years.

Appellant filed direct appeals in all four cases. This Court affirmed Appellant's judgments of sentence in the other two revocation cases. *See Commonwealth v. Arters*, ___ A.3d ___, 2018 WL 7106398, at *1 (Pa.Super. Oct. 15, 2018) (unpublished memorandum); *Commonwealth v. Arters*, 193 A.3d 1110 (Pa.Super. 2018) (unpublished memorandum). In the appeal on the most recent convictions, this Court affirmed Appellant's judgment of sentence in most respects, but vacated his SORNA-based SVP classification pursuant to *Commonwealth v. Butler*, 173 A.3d 1212, 1218 (Pa.Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018) (holding that the section of SORNA allowing the trial court to determine SVP status by preponderance of the evidence is unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017)).[1] *See Commonwealth v. Arters*, 195 A.3d 1029 (Pa.Super. 2018) (unpublished memorandum at 13-15).

In the instant appeal, Appellant presents the following questions:

[1.] Is the trial court's classification of Appellant as a[n SVP] unconstitutional as counter to the United States Supreme Court

---

[1] This Court noted that Appellant was also found to be an SVP in the instant case in 2012, but did not address the validity of that determination. *Commonwealth v. Arters*, 195 A.3d 1029 (Pa.Super. 2018) (unpublished memorandum at 14-15) ("A review of appellant's April 1[2], 2012 adjudication as an SVP . . . is not an issue currently before us.").

holding in **Alleyne**. . . and this Honorable Court's holding in [**Butler**]?

[2.]   As Appellant's criminal offense and conviction predate the enactment of SORNA, are the registration requirements, which have been found to be unconstitutional as violative of the Pennsylvania . . . and United States Constitutions' *ex post facto* clauses, as applied retroactively to Appellant, unconstitutional?

Appellant's brief at 4.

We begin by noting the applicable standards of review.  "Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the legality of the sentence imposed." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013). Appellant's challenges to the constitutionality of his sentence present questions of law.  Thus, "our scope of review is plenary and we review the lower court[']s legal determinations *de novo*." **Muniz**, **supra** at 1195.

With his first issue, Appellant challenges not the sentence imposed on March 27, 2017, following the revocation of his parole and probation, but the sentence imposed in 2012 when he was convicted.  This Appellant cannot do.

As this Court has explained,

When, on appeal from a sentence imposed following probation revocation, an appellant collaterally attacks the legality of the underlying conviction or sentence, such an approach is incorrect and inadequate for two reasons.  First any collateral attack of the underlying conviction or sentence must be raised in a petition pursuant to the Post–Conviction Relief Act.  Second, such an evaluation ignores the procedural posture of the case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.

> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.

*Infante*, *supra* at 365 (cleaned up).

Further, neither *Muniz* (or *Butler*'s application of *Muniz*) satisfies the exception to the PCRA's one-year time bar regarding new constitutional rights. *See Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018). Hence, Appellant's attempt to circumvent the timeliness requirements of the PCRA by collaterally attacking his 2012 sentence in the instant appeal must fail.

Moreover, nothing in the record suggests that Appellant was found to be an SVP in the instant case under the provisions of SORNA. Rather, Appellant's SVP designation in this case was made in 2012 under a different law that, unlike SORNA, was not unconstitutional *ex post facto* punishment. *See Commonwealth v. Lee*, 935 A.2d 865, 886 (Pa. 2007) (holding the provisions of Megan's Law II "that attach to sex offenders assessed to be SVPs are not constitutionally punitive"). As such, the holdings of *Muniz* and *Butler* regarding SORNA have no application to Appellant's sentencing claim.

For any or all of these reasons, Appellant's first issue merits no relief.

Appellant's remaining claim is that, under **Muniz**, he cannot be compelled to comply with the registration and notification requirements of SORNA based upon criminal conduct committed prior to SORNA's enactment. However, this contention also merits no relief from this Court.

First, the registration requirements at issue in **Muniz** do not apply to Appellant under the current law. In response to **Muniz**, the General Assembly amended SORNA to include the following language: "This subchapter shall apply to individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted." 42 Pa.C.S. § 9799.11(d). Hence, the SORNA provisions addressed in **Muniz** do not apply to Appellant. Rather, new requirements which have not been invalidated as of the time of this decision apply to establish different reporting requirements for offenders convicted under Megan's Law. **See** 42 Pa.C.S. §§ 9799.51-9799.75 ("Continued Registration of Sexual Offenders"). The amendments to SORNA have freed Appellant and all offenders who committed their crimes before SORNA was law from future compliance with the registration and notification obligations that were held to be punitive in **Muniz**.

Second, Appellant's registration and notification requirements will not commence until he is released from prison, which, based upon his aggregate sentence, will not occur for decades. If Appellant wishes to challenge the constitutionality of any registration requirements that may be in place when his release is imminent, he can do so at that time. **See Gregory v.**

***Pennsylvania State Police***, 160 A.3d 274, 278 (Pa.Cmwlth. 2017) (holding action against the state police challenging SORNA's application to prisoner was ripe for disposition when the prisoner was facing release as soon as a home plan was approved). Accordingly, Appellant's second issue warrants no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/19