IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Corliss,                                    :
                            Petitioner             :
                                                   :
        v.                                         :   No. 460 M.D. 2018
                                                   :   SUBMITTED:  March 8, 2018
Pennsylvania State Police,                         :
                            Respondent             :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                          FILED:  July 9, 2019


        The Pennsylvania State Police (PSP) has filed Preliminary Objections to Justin

Corliss's *pro se* Petition for Review/Complaint in Mandamus (Petition for Review),

which was filed in this Court's original jurisdiction.  In his Petition for Review, Mr.

Corliss seeks to compel the PSP to relieve him of his obligation to register as a sex

offender for life under the Act of February 21, 2018, P.L. 27, No. 10, 42 Pa. C.S. §§

9799.10-9799.75 (commonly known as Act 10).[1]  The PSP asserts that Mr. Corliss's

---

[1] The Sexual Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§ 9799.10-
9799.41, became effective on December 20, 2012.  In February 2018, the General Assembly enacted
Act 10, amending certain provisions of SORNA and adding new sections, 42 Pa. C.S. §§ 9799.42 and
9799.51-9799.75, which became effective immediately.

        Specifically, in Subchapter H, the General Assembly modified the registration requirements
for individuals who committed offenses on or after SORNA's effective date of December 20, 2012.
*See* 42 Pa. C.S. § 9799.11.  Also, in Subchapter I, the General Assembly created new registration
requirements for individuals who committed offenses between April 22, 1996 and December 20,
2012, as well as for sex offenders who were required to register under a pre-SORNA statute between
April 22, 1996 and December 20, 2012 and whose registration periods had not yet expired.  *See* 42

Petition for Review fails to state a claim upon which relief can be granted under Pennsylvania Rule of Civil Procedure 1028(a)(4).[2]  For the reasons that follow, we sustain in part and overrule in part the PSP's Preliminary Objections and dismiss Mr. Corliss's Petition for Review with prejudice.

### Background

Mr. Corliss is presently incarcerated at the State Correctional Institution in Coal Township.  Pet. for Review, 6/27/18, at 34; *see id.*, ¶ 1.  In July 1998, Mr. Corliss was convicted of indecent assault, corruption of minors, statutory sexual assault, and aggravated indecent assault.  *Id.*, ¶ 4.  At that time, based on the dates of his offenses, Mr. Corliss was required to register with the PSP as a sex offender for a period of 10 years pursuant to Megan's Law I, Act of October 24, 1995, P.L. 1079, 42 Pa. C.S. §§ 9791-9799.6 (expired).  *Id.*, ¶ 5; *see Former* 42 Pa. C.S. § 9793(b)(1) (expired).

Subsequently, the General Assembly enacted Megan's Law II, Act of May 10, 2000, P.L. 74, 42 Pa. C.S. §§ 9791-9799.7 (expired).  Megan's Law II increased Mr. Corliss's registration obligation from 10 years to life due to his conviction for aggravated indecent assault.  *See Former* 42 Pa. C.S. § 9795.1(b)(2) (expired).  Consequently, upon reaching his 10-year maximum sentence, Mr. Corliss was released from prison in 2008 and began his lifetime registration commitment.[3]  *See* Pet. for

---

Pa. C.S. § 9799.52.  Subchapter I of Act 10 largely mirrors the registration provisions of the pre-SORNA sex offender legislation.

[2] Rule 1028 permits a party to file a preliminary objection to any pleading challenging the "legal insufficiency of a pleading (demurrer)."  Pa. R.C.P. No. 1028(a)(4).

[3] In 2004, the General Assembly enacted Megan's Law III, Act of November 24, 2004, P.L. 1243, 42 Pa. C.S. §§ 9791-9799.9 (expired).  Megan's Law III did not alter the lifetime registration requirement for an offender convicted of aggravated indecent assault.  *See Former* 42 Pa. C.S. § 9795.1(b) (expired).  Thus, even under Megan's Law III, Mr. Corliss was required to register for life when he was released from prison in 2008.

Review, 6/27/18, ¶ 6. At some unknown date thereafter, Mr. Corliss was re-incarcerated.[4] *See id.*, ¶ 1; *id.* at 34.

On June 27, 2018, Mr. Corliss filed his Petition for Review with this Court, challenging his lifetime registration obligation under the newly enacted Act 10 as unconstitutional. On November 9, 2018, the PSP filed its Preliminary Objections to the Petition for Review. The PSP filed a Brief in Support of its Preliminary Objections on January 3, 2019, to which Mr. Corliss filed a Response in Opposition on January 30, 2019.

## Analysis

"[A] demurrer contests the legal sufficiency of a complaint." *Barge v. Pa. Bd. of Prob. & Parole*, 39 A.3d 530, 538 (Pa. Cmwlth. 2012), *aff'd*, 96 A.3d 360 (Pa. 2014). In ruling on preliminary objections, this Court must accept as true all well-pled material allegations in the petition for review and any reasonable inferences therefrom. *Garrison v. Dep't of Corr.*, 16 A.3d 560, 563 n.5 (Pa. Cmwlth. 2011). However, we are not bound by unwarranted factual inferences, legal conclusions, argumentative allegations, or expressions of opinion. *Id.* We may sustain a preliminary objection in the nature of a demurrer only where the petitioner has failed to state a claim upon which relief may be granted. *Id.*

With these principles in mind, we now address each of the PSP's Preliminary Objections.

---

In 2011, the General Assembly replaced Megan's Law III with SORNA. Subsequently, in *Commonwealth v. Muniz*, 164 A.3d 1189, 1222 (Pa. 2017), the Pennsylvania Supreme Court held that SORNA violated the *ex post facto* provisions of both the United States and Pennsylvania Constitutions when applied retroactively to sexual offenders who were convicted of certain crimes before SORNA's effective date and were subjected to increased registration requirements under SORNA.

[4] The record made before this Court does not indicate why or when Mr. Corliss was re-incarcerated following his 2008 release from prison.

3

## 1. Applicability of Act 10

The PSP first avers that Mr. Corliss has failed to state a claim for relief because Act 10 applies to Mr. Corliss and mandates his continued lifetime registration as a sex offender.

Preliminarily, we note that Mr. Corliss's Petition for Review challenges his registration obligation under Act 10. However, two weeks before he filed his Petition for Review, the General Assembly reenacted and amended some provisions of Act 10 in the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 29), which became effective immediately. Because Act 29 has replaced Act 10, Act 29 is now the only statute under which Mr. Corliss could be compelled to register as a sex offender upon his release from incarceration. As such, we will address Mr. Corliss's obligation to register under Act 29.

Subchapter I of Act 29, titled "Continued Registration of Sex Offenders," states in Section 9799.52(2) that its provisions shall apply to individuals "*required to register with the [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012*, whose period of registration has not expired." 42 Pa. C.S. § 9799.52(2) (emphasis added).

Here, it is undisputed that Mr. Corliss's obligation to register began in 2008 when he was released from prison. At the time of his release, Mr. Corliss was required to register with the PSP for life based on his conviction for aggravated indecent assault. Therefore, Section 9799.52(2) of Act 29 mandates Mr. Corliss's continued registration, because he was "required to register with the [PSP] under a former sexual offender registration law of this Commonwealth [*i.e.*, Megan's Law II] on or after April 22, 1996, but before December 20, 2012" and his "period of [lifetime] registration has not expired." 42 Pa. C.S. § 9799.52(2). Furthermore, Section 9799.55(b)(2) of Act 29 requires lifetime registration for an individual convicted of aggravated indecent assault

if the offense was "committed on or after April 22, 1996, but before December 20, 2012." 42 Pa. C.S. § 9799.55(b)(2).[5]

We sustain the PSP's Preliminary Objection on the ground that Act 10/Act 29 applies to Mr. Corliss and requires his continued registration for life.

## 2. *Ex Post Facto* Violations

The PSP asserts that application of Act 10/Act 29 to Mr. Corliss does not violate the *ex post facto* clauses of the United States or Pennsylvania Constitutions. We agree.

This Court has recently concluded that SORNA is not an unconstitutional *ex post facto* law as applied if it merely continues the same registration requirement already in place under pre-SORNA law. *See Groulx v. Pa. State Police* (Pa. Cmwlth., No. 121 M.D. 2018, filed January 24, 2019), slip op. at 12-14.[6] "Without the infliction of a greater punishment, the *ex post facto* clause is not violated." *Id.*, slip op. at 14 (citing *Com. v. Rose*, 127 A.3d 794 (Pa. 2015), and *Com. v. Allshouse*, 36 A.3d 163 (Pa. 2012)).

Here, as explained above, Mr. Corliss is subject to the same registration requirement – lifetime registration – that has applied to him since his release from prison in 2008 under Megan's Law II. *See* 42 Pa. C.S. § 9799.55(b)(2); *Former* 42 Pa. C.S. § 9795.1(b)(1) (expired). Act 10/Act 29 did not increase that requirement. Therefore, we conclude that Mr. Corliss's Petition for Review fails to state a claim that Act 10/Act 29, as applied to him, violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions.

We sustain the PSP's Preliminary Objection on this basis.

---

[5] Mr. Corliss's Petiton for Review indicates that he committed the underlying offenses in July 1997. *See* Pet. for Review, 6/27/18, App., Ex. A.

[6] We cite *Groulx* for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

### 3. Mandamus Relief

The PSP asserts that Mr. Corliss's Petition for Review sounding in mandamus is not the proper means to obtain the relief he seeks. The PSP contends that mandamus is applicable only when the petitioner has a clear legal right to the performance of a mandatory ministerial duty. According to the PSP, it is merely following applicable law in enforcing Act 10/Act 29's sex offender registration requirements.

In *Taylor v. Pennsylvania State Police*, 132 A.3d 590, 599-600 (Pa. Cmwlth. 2016) (*en banc*), we addressed a similar claim and overruled the PSP's objection to a petition for review titled "Petition for Review in the Nature of a Writ of Mandamus," where the petitioner's claims sounded in declaratory and injunctive relief. We explained that our Rules of Appellate Procedure should be construed liberally and, thus, "'[a]ctions brought in the wrong form should not be dismissed, but should be regarded as having been filed in the proper form.'" *Id.* at 600 (quoting *Com. v. Borough of E. Wash.*, 378 A.2d 301, 304 (Pa. 1977)).

Here, as in *Taylor*, although Mr. Corliss's Petition is titled "Petition for Review/Complaint in Mandamus," it is evident from the body of the Petition for Review that he actually seeks declaratory and injunctive relief. *See* Pet. for Review, 6/27/18, ¶¶ 18-26, 39-40. Therefore, we consider Mr. Corliss's Petition for Review as properly styled to seek such relief.

We overrule the PSP's Preliminary Objection on this basis.

### 4. Ripeness

The PSP avers that Mr. Corliss's claims are not ripe for adjudication because Mr. Corliss is incarcerated and will not be obligated to comply with Act 10/Act 29 until his release from prison. Our Court rejected this same argument in *Gregory v.*

*Pennsylvania State Police*, 160 A.3d 274 (Pa. Cmwlth. 2017).[7] In *Gregory*, this Court explained that "the issues [were] fully developed for the Court's review" and that "[w]aiting for SORNA to be imposed upon [the petitioner] would add little to this Court's review of the legal issues raised." *Id.* at 277; *see also Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed November 26, 2018), slip op. at 8-10 (concluding that the fact that the petitioner may not be released from prison until 2024 did not render his constitutional challenge unripe).[8]

Because we conclude that Mr. Corliss's Petition for Review is ripe for consideration, we overrule the PSP's Preliminary Objection on this basis.

### 5. Due Process Violation

The PSP objects to Mr. Corliss's due process claim because Mr. Corliss failed to allege any interest that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In his Petition for Review, Mr. Corliss contends that the increase in his registration period from 10 years to life under Act 10 violates his due process rights.

"[D]ue process is required under the Fourteenth Amendment of the United States Constitution only if the state seeks to deprive a person of a life, liberty or property interest." *Pa. Game Comm'n v. Marich*, 666 A.2d 253, 255 (Pa. 1995). Because Mr. Corliss alleges no deprivation of a life, liberty, or property interest, we sustain the PSP's Preliminary Objection to Mr. Corliss's due process claim. *Accord Dougherty v. Pa. State Police*, 138 A.3d 152, 158 (Pa. Cmwlth. 2016) (*en banc*) (sustaining PSP's demurrer to the petitioner's allegation that SORNA's increase in his registration

---

[7] Under Section 414(b) of our Internal Operating Procedures, 210 Pa. Code § 69.414(b), a reported single-judge opinion of this Court may be cited for its persuasive value.

[8] We cite *Lusik* for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

obligation violated due process, where he did not identify any interest protected by due process but rather challenged administrative action taken by the PSP long after he was sentenced). Furthermore, contrary to Mr. Corliss's assertion in his Petition for Review, and as explained above, Act 10 did not increase his existing registration obligation.

### 6. Collateral Attack on Convictions

The PSP avers that Mr. Corliss's Petition for Review improperly seeks to collaterally attack his underlying criminal convictions. We agree.

Throughout his Petition for Review, Mr. Corliss asserts that his 1998 convictions were "fraudulent," based on perjured testimony, and unsupported by any evidence and that he was "falsely convicted" of the offenses. Pet. for Review, 6/27/18, ¶¶ 4-6, 8, 16, 17, 19-23, 25, 27.[9] He also attaches to his Petition for Review several documents purportedly relating to the underlying criminal proceedings. *See id.*, App.

We agree with the PSP that Mr. Corliss's Petition for Review is not a proper means to collaterally attack his criminal convictions. Such relief may only be pursued under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546. *See Keller v. Kinsley*, 609 A.2d 567, 569 (Pa. Super. 1992) (rejecting the petitioner's appeal from the denial of his *in forma pauperis* petition where he sought "to improperly collaterally attack his criminal conviction through means of a civil suit");[10] 42 Pa. C.S. § 9542 ("The action established in [the Post Conviction Relief Act] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . .").

We sustain the PSP's Preliminary Objection on this basis.

---

[9] In response to the PSP's Preliminary Objections, Mr. Corliss continues to assert his innocence of the underlying offenses. *See* Mr. Corliss's Br. in Opp. to Prelim. Obj. at 4-5, 10-12.

[10] Although not binding on this Court, we may cite a Pennsylvania Superior Court decision for its persuasive value. *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

## Conclusion

Accordingly, we sustain in part and overrule in part the PSP's Preliminary Objections. Furthermore, because we conclude that Mr. Corliss's Petition for Review fails to state a claim upon which relief can be granted under Act 10/Act 29, we dismiss the Petition for Review with prejudice.[11]

_____
ELLEN CEISLER, Judge

---

[11] The PSP also objects to Mr. Corliss's averments relating to SORNA in his Petition for Review as moot. Mr. Corliss concedes that any arguments relating to SORNA are irrelevant. *See* Br. in Opp. to Prelim. Obj. at 13.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Corliss,                          :
                    Petitioner           :
                                         :
       v.                                :   No. 460 M.D. 2018
                                         :
Pennsylvania State Police,               :
                    Respondent           :

# **O R D E R**

AND NOW, this 9th day of July, 2019, the Preliminary Objections filed by the Pennsylvania State Police are hereby SUSTAINED IN PART AND OVERRULED IN PART in accordance with the foregoing Opinion.  We also hereby DISMISS WITH PREJUDICE Justin Corliss's Petition for Review/Complaint in Mandamus.


_____
ELLEN CEISLER, Judge