# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William F. Groulx,                      :
              Petitioner    :
                        :
             v.                      :    No. 121 M.D. 2018
                        :    Submitted:  October 26, 2018
Pennsylvania State Police,              :
              Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER            **FILED:  January 24, 2019**

Before this Court in our original jurisdiction are the Preliminary Objections (POs) filed by the Pennsylvania State Police (PSP) to the Petition for Review in the Nature of Writ of Mandamus (Petition) filed by William F. Groulx (Petitioner), pro se. Petitioner challenges whether he is required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA)[1] because requiring him to do so violates the United States and Pennsylvania Constitutions' prohibition

---

[1] Sections 9799.10 to 9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41, effective December 20, 2012.  SORNA was amended by the Act of February 21, 2018, P.L. 27 (Act 10).  The Act of June 12, 2018, P.L. 140, (Act 29), reenacted and amended various provisions of Act 10.

against *ex post facto* laws.[2]  In its POs, PSP argues that the Petition should be dismissed because Petitioner lacks standing as he has 20 years left on his minimum sentence before he is eligible for parole and is therefore not aggrieved at this time. PSP also seeks dismissal of the Petition on the ground that passage of new legislation has rendered Petitioner's claim moot and that Petitioner, under any iteration of the law, is required to register for life.  For the reasons that follow, we overrule the POs in part, sustain them in part, and dismiss one of the POs as moot given our decision to grant Petitioner leave to amend his Petition.

## I.  **Background**

On March 5, 2018, Petitioner filed the Petition in our original jurisdiction.  In the Petition, he alleges he was charged in May 2012 with 194 counts of child pornography, Section 6312(d) of the Crimes Code, 18 Pa. C.S. § 6312(d), which was graded as a felony of the second degree.[3]  (Petition ¶ 4.)  In March 2013, he pled guilty and was sentenced in June 2013 to 25-50 years in prison.  (*Id.* ¶¶ 5-6.) According to Petitioner, while he was convicted of a sexual offense that would require him to register as a sex offender under SORNA, doing so would violate the

---

[2] The United States Constitution has two provisions prohibiting *ex post facto* laws.  The first is contained in Article I, Section 9, Clause 3 of the United States Constitution, U.S. Const. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in Article I, Section 10, Clause 1 of the United States Constitution, U.S. Const. art. I, § 10, cl. 1, which applies to the states.  Article I, section 17 of the Pennsylvania Constitution, Pa. Const. art. I, § 17, provides "[n]o *ex post facto* law . . . shall be passed."

[3] Appended to the Petition as part of Exhibit B is a February 23, 2015 order of the Court of Common Pleas of Lackawanna County, wherein Petitioner is identified as pleading guilty to indecent assault, a Tier III offense under SORNA.  The order further states that Petitioner was found to be a sexually violent predator, and as such, is subject to lifetime registration under SORNA.  Based on the differing docket numbers, this order appears to be separate from the conviction for child pornography, which forms the basis of the Petition.

constitutional prohibition against *ex post facto* laws since SORNA was enacted after his conviction, as well as constitute double jeopardy.[4] (*Id.* ¶¶ 11-13.) For support, he cites *Commonwealth v. Muniz,* 164 A.3d 1189, 1193 (Pa. 2017), *cert. denied*, 138 S. Ct. 925 (2018), in which the Pennsylvania Supreme Court held that SORNA violated the *ex post facto* provisions of the United States and Pennsylvania Constitutions. (Petition ¶ 11.) As a result, he seeks removal from the SORNA website, contending, at most, if at all, he would be subject to a prior version of Megan's Law.[5] (*Id.* ¶¶ 13-14, 16.) Petitioner also seeks damages in excess of $1 million on the basis that his reputation has been harmed by his wrongful inclusion on the SORNA website. (*Id.* ¶ 17.)

In response to the Petition, PSP filed POs on May 9, 2018. The first PO alleges that Petitioner failed to state a claim upon which relief may be granted. Specifically, PSP avers that the passage of the Act of February 21, 2018, P.L. 27, (Act 10), which amended SORNA, renders the Petition moot. (POs ¶ 7.) PSP also notes that *Muniz* would not entitle Petitioner to relief because his conviction

---

[4] Petitioner alleges he was convicted on June 12, 2013, which, according to him, was "approximately six (6) months prior to the enactment of SORNA on December 20, 2012." (Petition ¶ 13.) There are several flaws with Petitioner's averment. First, SORNA was enacted on December 20, 2011, but did not go into effect until December 20, 2012. Second, Petitioner's conviction occurred six months **after** SORNA went into effect. However, as discussed below, the date of conviction is immaterial; rather, it is the date of the offense that controls.

[5] The Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), 42 Pa. C.S. §§ 9791-9799.6, commonly referred to as Megan's Law I, was declared unconstitutional in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). The General Assembly subsequently enacted the Act of May 10, 2000, P.L. 74, commonly referred to as Megan's Law II, which was deemed constitutionally infirm by *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003). In response, the General Assembly enacted the Act of November 24, 2004, P.L. 1243, commonly referred to as Megan's Law III, which was struck down as violating the single subject rule of the Pennsylvania Constitution. *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). SORNA replaced Megan's Law III.

occurred after SORNA was enacted. (*Id.* n.3.) In addition, PSP alleges that, even under prior versions of Megan's Law, Petitioner would have been subject to lifetime registration as a sexually violent predator. (*Id.* ¶ 8.) In its second PO, PSP asserts Petitioner lacks standing because he is not subject to the registration requirements while incarcerated. (*Id.* ¶ 10.) Because Petitioner is not eligible for parole until approximately 2038, his claim is currently non-justiciable, according to PSP. (*Id.* ¶¶ 11-13.) PSP seeks dismissal of the Petition with prejudice.[6]

Petitioner filed an answer to the POs, in which he acknowledges passage of Act 10, but contends he is still aggrieved. (Answer ¶¶ 8-9.) He argues he committed the offense in 2012 and was charged in May 2012, which predates the effective date of SORNA in December 2012. (*Id.* ¶ 9.) As such, according to Petitioner, he should have been sentenced pursuant to the Act of November 24, 2004, P.L. 1243, commonly referred to as Megan's Law III, which was in effect at the time of commission of his offense, not SORNA or Act 10. (Answer ¶ 10.) With regard to the standing issue, Petitioner responds that, although he is incarcerated, he currently appears on the registration website. (*Id.* ¶ 13.)

After briefing, this matter is ready for disposition.

## II.    Discussion

When ruling upon preliminary objections, we must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom. *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014). The Court is "not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* The Court "may sustain preliminary

---

[6] Although it seeks dismissal of the Petition, PSP did not assert any specific objection to Petitioner's claim for damages, which sounds in tort.

4

objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner." *Id.* "A demurrer . . . should be sustained only in cases that are free and clear from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded." *Russell v. Donnelly*, 827 A.2d 535, 536 (Pa. Cmwlth. 2003) (citation omitted). With the above principles in mind, we turn to PSP's POs.

### A.    *Standing/Ripeness*

Because standing is a threshold issue, *Johnson v. American Standard*, 8 A.3d 318, 326 (Pa. 2010), we address that PO first. PSP contends that Petitioner lacks standing to bring his claim because he is incarcerated and will remain incarcerated for at least another 20 years before he is subject to any registration requirements. PSP argues that even if the Court assumes that Petitioner has a direct and substantial interest in the litigation, Petitioner cannot show he has an immediate interest since he is not eligible for parole until approximately 2038. It points out that under SORNA, a sex offender is not required to register while incarcerated. *See* Section 9799.15(c)(1)(i) of SORNA, 42 Pa. C.S. § 9799.15(c)(1)(i) (tolling the period of registration for individuals incarcerated in a federal, state or county correctional institution).

Petitioner responds that he is currently aggrieved and, in support, cites *Padgett v. Noonan* (Pa. Cmwlth., No. 412 M.D. 2017, filed July 30, 2018), slip op. at 7-8,[7] wherein this Court found that an incarcerated individual has standing to challenge application of SORNA despite the inmate's release not being imminent. Petitioner

---

[7] *Padgett* is an unreported panel decision, which, under our Internal Operating Procedures, may be cited for its persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

5

also points out that he is already listed on the website as a sex offender and is being forced to comply with the registration requirements.

While PSP considers its PO as one challenging standing, it is more akin to a ripeness challenge; therefore, we will address both concepts. Our courts have recognized a "considerable overlap" between the two concepts but equally understand that they are distinct. *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 234 (Pa. 2017) (citation omitted). Standing requires a litigant to be aggrieved. *Id.* A party is aggrieved if they have "a substantial, direct and immediate interest" in the litigation. *Id.* at 235 (citation omitted). On the other hand, ripeness "reflects the separate concern that relevant facts are not sufficiently developed to permit judicial resolution of the dispute." *Id.* at 234 (citation omitted). For a matter to be ripe, there must be an "actual controversy," with consideration given to "whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed." *Bayada Nurses, Inc. v. Dep't of Labor & Indus.*, 8 A.3d 866, 874 (Pa. 2010).

The parties do not appear to dispute that Petitioner has a substantial and direct interest in the litigation; rather, the dispute is over whether Petitioner's interest is immediate. An interest is immediate if the causal connection between the asserted violation and harm complained of "is not remote or speculative." *Fumo v. City of Philadelphia*, 972 A.2d 487, 496 (Pa. 2009). In *Gregory v. Pennsylvania State Police*, 160 A.3d 274 (Pa. Cmwlth. 2017) (Cohn Jubelirer, J., single judge op.),[8] we held that an inmate who was granted parole but not yet released had an immediate interest in whether SORNA applied to him. Relying on *Williams v. Department of Corrections* (Pa. Cmwlth., No. 353 M.D. 2014, filed October 15, 2015) (en banc),

---

[8] In accordance with Section 414(b) of our Internal Operating Procedures, 210 Pa. Code § 69.414(b), a reported single-judge opinion of this Court may be cited for its persuasive value.

where we held death row inmates had standing although there were no active death warrants in effect, we determined "the harm [wa]s not speculative because the harm will be imposed by operation of law." *Gregory*, 160 A.3d at 277. We explained that as soon as his home plan was approved, the inmate would be subject to SORNA's registration requirements. *Id.*

PSP attempts to distinguish *Gregory* from the instant action on the ground that, there, the inmate had already been approved for parole whereas, here, Petitioner has not and is not even eligible for parole for nearly two more decades. Since *Gregory* was decided, this Court has, on a number of occasions, found standing for individuals similarly situated to Petitioner. In *Padgett*, slip op. at 7-8, a case cited by Petitioner, we held the petitioner had standing despite his release not being imminent. We explained that "[t]he harm Padgett complain[ed] of [wa]s not speculative or remote. Indeed, by operation of law, Padgett's name will be included on the registry upon his release from prison." *Id.* (citation omitted).

One month after *Padgett* was decided, the Court issued another unreported decision, *Beers v. Pennsylvania State Police* (Pa. Cmwlth., No. 338 M.D. 2018, filed August 29, 2018).[9] Before us in that case were preliminary objections similar to those filed here, challenging the petitioner's standing. "That the statute tolls registration requirements while [the p]etitioner is incarcerated . . . does not deprive him of standing," we held. *Beers*, slip op. at 7. There, we explained that the petitioner averred that he was placed on the registry and was subject to harassment, threats, and vilification as a result, making the harm not speculative or remote. *Id.* at 8. Here, Petitioner alleges he is already listed on the website; therefore, like the

---

[9] Like *Padgett*, *Beers* is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

petitioner in *Beers*, the harm is neither speculative nor remote. Rather, Petitioner alleges an immediate interest in the litigation and as a result has standing.

We similarly find this matter is ripe for consideration. In *Gregory*, we explained that "the issues [were] fully developed for the Court's review" and that "[w]aiting for SORNA to be imposed upon [the petitioner] would add little to this Court's review of the legal issues raised." 160 A.3d at 277. More recently, in *Lusik v. Pennsylvania State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed November 26, 2018), slip op. at 8,[10] we held that, although the petitioner may not be released until 2024, this did not render his challenge unripe for review. We reiterated what we held in *Gregory* that "delaying resolution of this matter would add little to our review." *Id.* PSP points to and we discern nothing that alters that conclusion here. Accordingly, PSP's PO as it relates to standing/ripeness is overruled.

### B.     *Failure to State a Claim*

PSP's next PO alleges Petitioner failed to state a claim upon which relief may be granted. This PO is actually threefold: (1) Petitioner's claim is moot because SORNA was replaced by subsequent legislation; (2) Petitioner was sentenced after SORNA was enacted, and is therefore, subject to its requirements; and (3) Petitioner, as a sexually violent predator, has always been required to register for his lifetime, regardless of what version of Megan's Law is applied to him. We address these arguments in turn.

---

[10] *Lusik* is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

### 1. Mootness

PSP contends that Petitioner's claim is moot because SORNA was replaced by Act 10, which has now been reenacted and amended by the Act of June 12, 2018, P.L. 140 (Act 29). Courts generally decline to review a moot question. *Pub. Defender's Office of Venango Cty. v. Venango Cty. Ct. of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006) (*Venango Cty.*). "A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Chruby v. Dep't of Corr.*, 4 A.3d 764, 770 (Pa. Cmwlth. 2010) (internal quotation marks and citation omitted). An issue may become moot because of an intervening change in the applicable law or the facts of the case. *Venango Cty.*, 893 A.2d at 1279.

Here, PSP argues the intervening change in legislation renders Petitioner's claim moot. Petitioner responds that he is not subject to SORNA or, importantly, "any 'amended version' of the statute" or "future enactments." (Answer ¶ 10; Petitioner's Brief (Br.) at 7.) Thus, it is apparent that Petitioner disputes his need to register as a sexual offender under any law. Although Petitioner has not formally sought leave to amend his Petition to provide for the subsequent legislation, we construe his Answer and brief in opposition to the POs as such a request, and grant him leave to do so. *See* Rule 126 of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 126 (providing Rules are to be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable"); *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (providing that materials filed by a pro se litigant may be liberally construed). This holding is consistent with our recent decision in *Lusik*, slip op. at 10-11, in which we construed various filings of a pro se litigant as a request to amend his petition.

Like *Lusik*, we discern "no prejudice or surprise to PSP . . . in granting leave to amend the Petition, particularly at this early stage of the litigation." *Id.* at 11. By granting leave to amend, PSP's PO is, itself, rendered moot. *Id.*

### 2. Applicability of SORNA

Alternatively, PSP argues that Petitioner failed to state a claim because he would have been subject to SORNA anyway since he was sentenced after it took effect. SORNA was enacted on December 20, 2011, but did not go into effect until December 20, 2012. Petitioner was convicted on June 12, 2013. However, it is not the date of conviction that is the relevant measure of time; rather, it is the date of the offense. "A law violates the *ex post facto* clause . . . if it . . . changes the punishment, and inflicts a greater punishment than the law annexed to the crime **when committed**." *Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012) (emphasis added); *see also Commonwealth v. Rose*, 127 A.3d 794, 807 (Pa. 2015) (holding "the imposition of a more severe sentence based on a statute that was amended **after the act was committed**, but prior to the result of that act, violates the *ex post facto* prohibition") (emphasis added). In *Rose*, the Supreme Court explained that the purpose behind prohibiting *ex post facto* laws is a concern for "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed **when the crime was consummated**." 127 A.3d at 798-99 (emphasis added) (citation omitted). The Superior Court has described it as a matter of

10

providing individuals "fair warning that their conduct will give rise to criminal penalties." *Commonwealth v. Grady*, 486 A.2d 962, 964 (Pa. Super. 1984).[11]

Here, it is unclear when the underlying offense was actually committed. We know it occurred sometime before May 2012, when Petitioner was charged.[12] If the offense was committed before December 20, 2011, the date SORNA was enacted, application of SORNA to Petitioner may violate the *ex post facto* clause. *See Commonwealth v. Kizak*, 148 A.3d 854, 859-60 (Pa. Super. 2016) (holding it is the signing of legislation by the governor that is dispositive); *Commonwealth v. Wall*, 867 A.2d 578, 583 (Pa. Super. 2005) (date of enactment, not the effective date, controls for purposes of *ex post facto* analysis).[13] Because we "may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner," *Thomas*, 90 A.3d at 794, we must overrule PSP's PO to the extent PSP contends Petitioner would have been subject to SORNA anyway based upon the date of his conviction.

### 3. Lifetime registration requirement

Our inquiry does not end here, however. PSP also alleges, that Petitioner is a sexually violent predator, and as such, was required to register for life under prior iterations of Megan's Law. Although it does not state as much, it appears PSP is averring that because Petitioner has always been required to register for life, he has

---

[11] Although not binding on this Court, a Superior Court decision can be cited for its persuasive value. *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[12] The docket reflects an offense date of October 16, 2010.

[13] *Kizak* and *Wall* are cited for their persuasive value. *Lerch*, 180 A.3d at 550.

11

not shown that his penalty has increased, and therefore, there is no *ex post facto* violation.

As a preliminary matter, although Petitioner does not aver that he is classified as a sexually violent predator in his Petition, he does admit to being "found . . . a Sexual[ly] Violent Predator" in his Answer to the POs and also "stipulate[s] he was classified as such" in his brief.[14] (Answer ¶ 5; Petitioner's Br. at 7.) While generally our review of POs is limited to "accept[ing] as true all well-pleaded material allegations" contained within the complaint or petition, *Thomas*, 90 A.3d at 794, we may also consider a plaintiff's or petitioner's answer to POs. *See Higbee Corp. v. Kennedy*, 428 A.2d 592, 593 (Pa. Super. 1981) ("To determine the propriety of an order granting a preliminary objection in the nature of a demurrer, we must accept as true all well-pleaded averments of fact of the party against whom the motion is granted and **consider against him only those facts that he specifically admits**.") (emphasis added) (citation omitted); *see also Schaffer v. Batyko*, 323 A.2d 62, 64 (Pa. Super. 1974) (finding trial court erred in not considering plaintiff's answer to preliminary objections).[15] Accordingly, for purposes of this PO, we accept as true

---

[14] Although he admits to being found to be a sexually violent predator, Petitioner attempts to challenge the finding on the basis that his designation was only shown by a preponderance of the evidence and not by a reasonable doubt, as required by *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), *petition for allowance of appeal granted* (Pa., No. 47 WAL 2018, filed July 31, 2018). (Answer ¶ 5.) Whether Petitioner is properly classified as a sexually violent predator is not before us. Any challenge to that designation is outside this Court's jurisdiction. Until his classification as a sexually violent predator is overturned, we must treat him as such. We further take judicial notice of the criminal docket in his case, CP-66-CR-195-2012, which reflects he was sentenced as a sexually violent predator on June 12, 2013. Per his Petition, his petition for post-conviction relief was denied by the trial court. (Petition ¶ 8.) The Superior Court affirmed the trial court's decision and the Supreme Court denied his Petition for Allowance of Appeal. (*Id.* (citing *Commonwealth v. Groulx* (Pa. Super., No. 310 MDA 2016, filed Jan. 9, 2017) and *Commonwealth v. Groulx* (Pa., No. 85 MAL 2017, filed June 20, 2017))).

[15] Although not binding on this Court, we find the Superior Court's decisions in *Higbee* and *Schaffer* persuasive. *Lerch*, 180 A.3d at 550.

12

Petitioner's admission and stipulation that he was classified as a sexually violent predator.

Under SORNA or any version of Megan's Law, a sexually violent predator has been required to register for life. SORNA, 42 Pa. C.S. § 9795.15(a)(6); Megan's Law III, *former* 42 Pa. C.S. § 9799.15(a)(6); Megan's Law II, *former* 42 Pa. C.S. § 9795.1(b)(3); and Megan's Law I, *former* 42 Pa. C.S. § 9795(a). Therefore, Petitioner cannot show that the period of registration increased. Without the infliction of a greater punishment, the *ex post facto* clause is not violated. *Allshouse*, 36 A.3d at 184; *Rose*, 127 A.3d at 807. Therefore, Petitioner cannot state a claim to the extent that he alleges he is subject to a greater registration period. *See Marshall v. Pa. State Police* (Pa. Cmwlth., No. 552 M.D. 2017, filed July 18, 2018), slip op. at 7-8 (sustaining PO on basis of failure to state a claim when there has been no increase in registration period).[16]

However, Petitioner does not appear to limit his claim to just the imposition of a greater registration period. Rather, Petitioner avers he should not be subject to "any additional sanctions that are tied to the limitations imposed by SORNA."[17] (Petition ¶ 16.) Because PSP has not shown that Petitioner would have been subject to these additional sanctions without SORNA, we overrule the PO to the extent Petitioner alleges that he is subject to more onerous registration requirements.

---

[16] *Marshall* is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[17] Although Petitioner does not identify what those additional sanctions are or how they may be more onerous, we note that PSP did not object to this averment on the basis it was vague or lacked sufficient specificity as permitted by Rule 1028(a)(3) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 1028(a)(3).

## III. Conclusion

Accordingly, we overrule PSP's PO on the basis that Petitioner lacks standing to bring this claim and/or that this matter is not ripe for consideration because of Petitioner's continued incarceration. We grant Petitioner leave to amend the Petition to include an allegation that he is not required to register as a sex offender under any subsequent versions of SORNA that have been or may be enacted. PSP's PO challenging the Petition on the basis of mootness is, itself, dismissed as moot, in light of our granting leave to amend. To the extent PSP asserts Petitioner would have been subject to SORNA based upon the date of his conviction, we overrule the PO. To the extent PSP asserts Petitioner cannot state a claim because he would be subject to lifetime registration under any version of Megan's Law, we sustain the objection. However, we overrule PSP's PO to the extent Petitioner alleges more onerous registration requirements outside of the period of registration.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William F. Groulx,              :
                    Petitioner  :
                                :
            v.                  :   No. 121 M.D. 2018
                                :
Pennsylvania State Police,      :
                    Respondent  :

## O R D E R

**NOW**, January 24, 2019, upon consideration of the Preliminary Objections (POs) filed by the Pennsylvania State Police (PSP) to the Petition for Review in the Nature of Writ of Mandamus (Petition) filed by William F. Groulx (Petitioner), pro se, and Petitioner's response thereto, which we construe as a motion for leave to amend, we **GRANT** Petitioner leave to amend the Petition to include averments that he is not subject to any subsequently enacted laws. **Petitioner shall file the amended petition within 30 days and serve the same on PSP. Failure to do so will result in dismissal of the Petition with prejudice.** Because of the Court's grant of leave to amend, PSP's PO to dismiss the Petition as moot is **DISMISSED** as moot. Additionally, we **SUSTAIN** the PO for failure to state a claim to the extent it challenges the time period for registration. PSP's remaining POs are **OVERRULED**.

_____
**RENÉE COHN JUBELIRER,** Judge