J-A17024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERNARD KENNETH SCHADE | : | |
| | : | |
| Appellant | : | No. 329 EDA 2022 |

Appeal from the Order Entered November 24, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000681-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERNARD KENNETH SCHADE | : | |
| | : | |
| Appellant | : | No. 767 EDA 2022 |

Appeal from the Order Entered November 24, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000917-2014

BEFORE: PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:              **FILED DECEMBER 19, 2022**

Appellant Bernard Kenneth Schade appeals *pro se* from the order denying his motion to amend his sex offender registration status. Appellant argues that he is not subject to registration under the Sex Offender

_____

[*] Retired Senior Judge assigned to the Superior Court.

Registration and Notification Act (SORNA II)[1] because of the date on which the offenses were committed. Appellant also challenges the voluntariness of his guilty plea and the legality of his sentence. In a Memorandum filed on September 13, 2022, this Court affirmed the order denying Appellant's motion to amend his sex offender registration status. Appellant filed a timely application for reconsideration, which this Court granted. Following reconsideration, we affirm.

A previous panel of this Court summarized the factual and procedural history of this matter as follows:

> On July 14, 2014, Appellant entered into a negotiated guilty plea to one count of statutory sexual assault and two counts of possessing child pornography.[fn1] The underlying facts of Appellant's first case[, Docket No. 681-2014,] were that, between 1995 and 1997, he had sexual relations with S.T., a person less than sixteen years of age. In the second case, [Docket No. 917-2014,] Appellant possessed 1,101 images of child pornography.
>
> [fn1] 18 Pa.C.S. § 3122.1(a) and 18 Pa.C.S. § 6312(d), respectively.
>
> In exchange for this plea, the Commonwealth agreed to *nolle pros* the remaining charges on both dockets.

***Commonwealth v. Schade***, 3679 EDA 2015, 2016 WL 6519102, at *1 (Pa. Super. filed Nov. 3, 2016) (unpublished mem.) (some formatting altered).

We add that the information filed at Docket No. 917-2014 alleged that Appellant possessed child pornography on April 1, 2014. **See** Criminal Information, 917-2014, 5/15/14, at 1. During the guilty plea hearing, the

---

[1] 42 Pa.C.S. §§ 9799.10-9799.75.

trial court explained to Appellant that he was pleading guilty to charges at two different informations and cited both docket numbers. N.T. Plea Hr'g, 7/14/14, at 7. The Commonwealth stated that the statutory sexual assault occurred between 1995 and 1997 as part of its summary of the factual basis for the plea.[2] *Id.* at 16. However, during the hearing, the Commonwealth did not specify the date on which Appellant possessed child pornography. *Id.* The trial court asked Appellant if he understood that by pleading guilty, he would be required to register as a sex offender and that he would be evaluated to determine if he was a sexually violent predator (SVP). *Id.* at 11-12. Appellant responded in the affirmative to both questions. *Id.* The Commonwealth and Appellant's plea counsel both stated that because Appellant was pleading guilty to two counts of possessing child pornography, Appellant would be required to register for life as a Tier III sex offender under SORNA I.[3] *Id.* at 14-15.

---

[2] In the information, the Commonwealth alleged that this offense occurred between October 3, 1995 and October 3, 1997. *See* Criminal Information, 681-2014, 4/23/14, at 1.

[3] The Commonwealth and Appellant's plea counsel appear to have been referencing 42 Pa.C.S. § 9799.14(d)(16), which provides that two or more convictions for Tier I offenses (such as possessing child pornography) or Tier II offenses constitute a Tier III offense. Our Supreme Court in *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016), considered whether multiple convictions for Tier I or Tier II offenses under the same criminal information triggered the application of Section 9799.14(d)(16). *Lutz-Morrison*, 143 A.3d at 893-94. The Court concluded that SORNA I "encompasses a recidivist philosophy. As such, the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple
*(Footnote Continued Next Page)*

A previous panel of this Court summarized the subsequent procedural history as follows:

> On January 7, 2015, the court held a hearing pursuant to 42 Pa.C.S. § 9799.24(e) to determine if Appellant met the criteria to be classified as a . . . SVP and immediately thereafter proceeded to sentencing. The court found that Appellant was an SVP and sentenced him to an aggregate of 54 to 120 months' incarceration.[fn3]
>
> > [fn3] Although Appellant filed a post-sentence motion to modify his sentence, which the court denied on April 15, 2015, he did not file a direct appeal.

*Schade*, 2016 WL 6519102, at *1 (some formatting altered).

Appellant subsequently filed three PCRA petitions, all of which were denied.[4]

On April 15, 2021, Appellant filed a motion challenging the validity of his guilty plea, convictions, and obligation to register under SORNA II. Specifically, Appellant argued that he had been coerced into pleading guilty

_____

offenses otherwise subject to a fifteen- or twenty-five-year period of registration." *Id.* at 895. Therefore, Appellant's two convictions for possessing child pornography at Docket No. 917-2014 did not trigger the application of Section 9799.14(d)(16), and do not collectively constitute a Tier III offense. *See id.*

[4] Appellant filed an initial *pro se* PCRA petition prior the expiration of the time in which he could file a direct appeal. Therefore, the trial court dismissed it as premature. The PCRA court subsequently denied Appellant's first timely PCRA petition, and this Court affirmed. *See Schade*, 2016 WL 6519102, at *5. Appellant then filed another PCRA petition, which the PCRA court dismissed as untimely. On appeal, this Court quashed Appellant's appeal because Appellant did not comply with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). *Commonwealth v. Schade*, 2411 EDA 2018, 2019 WL 1976028, at *3 (Pa. Super. filed May 3, 2019) (unpublished mem.).

and claimed that his convictions were illegal due to the statute of limitations and double jeopardy. Appellant also challenged his designation as an SVP and argued that because he pled guilty to offenses that occurred before December 20, 2012, Subchapter H[5] of SORNA II did not apply to him.[6]

On August 2, 2021, the trial court issued an order denying Appellant's motion in part. Specifically, the trial court denied as untimely any claims that Appellant could have raised in a PCRA petition. *See* Trial Ct. Order, 8/2/21, at 3. However, the trial court scheduled a hearing to address Appellant's SORNA II claims and directed both parties to file memoranda of law.

On November 24, 2021,[7] the trial court denied Appellant's motion to amend his sex offender registration requirements.

---

[5] 42 Pa.C.S. §§ 9799.10-9799.41.

[6] Appellant suggested, in the alternative, that his convictions for possessing child pornography would subject him to a ten-year registration period under Subchapter I of SORNA II, 42 Pa.C.S. §§ 9799.51-9799.75, but Appellant also challenged those convictions on the grounds that the Commonwealth had not established that the material he possessed constituted child pornography. Mot. to Update/Correct Reporting Assignment to Subchapter I, 4/15/21, at 2-4. On appeal, Appellant argues that he does not have to register under SORNA II at all and does not concede that Subchapter I is applicable to his convictions.

[7] We note that although the order denying Appellant's motion was time-stamped and marked on the docket on November 23, 2021, the docket entries reflect that the trial court served Appellant on November 24, 2021. *See Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); *see also* Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1). We have amended the caption accordingly.

Appellant filed timely notices of appeal on December 22, 2021.[8] Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) statement adopting the legal analysis set forth in its November 24, 2021 order. *See* Trial Ct. Op., 2/7/22, at 1-2.

Appellant raises the following issues for our review, which we reorder as follows:

1. Whether the [trial] court erred as a matter of law when recognizing that facts of record establish that the plea entered, in [Docket No. 681-2014], is to a crime whose statute of limitations expired prior to charging; thereby, the exercise of inherent jurisdiction should have been invoked to correct a patent miscarriage of justice?

2. Whether the [trial] court erred in denying specific enforcement of the plea agreement in the [Docket No. 917-2014] matter where the written factual basis for the plea established dates, accepted by the court and the Commonwealth, that preclude sexual offender registration, in belated reliance on non-record accusatory instruments that were not stipulated to; thereby, violating Appellant's right to benefit from the terms of the plea agreement?

---

[8] Appellant filed a separate notice of appeal at each trial court docket pursuant to *Walker* and Pa.R.A.P. 341(a). On March 25, 2022, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513. Order, 3/25/22.

Additionally, Appellant simultaneously filed a motion for reconsideration along with his notices of appeal. The trial court did not expressly grant reconsideration within thirty days of the entry of its order, therefore, the motion for reconsideration does not affect our jurisdiction over this appeal. *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000); Pa.R.A.P. 1701(b)(3). The trial court issued an order on January 5, 2022, purporting to deny Appellant's motion for reconsideration; however, that order is a nullity because by that date the trial court no longer had jurisdiction to rule on that motion. *See Commonwealth v. Hart*, 174 A.3d 660, 663 n.4 (Pa. Super. 2017).

3. Whether the [trial] court erred in refusing to correct the State Police's record, as to the [Docket No. 681-2014] matter, where no registration is required under Subchapters H or I?

4. Whether the [trial] court erred in construing that the Legislature anticipated sex offender registration for allegations of crimes for which no legal basis exists, and whether such registration can be challenged outside of the Post-Conviction Relief Act?

Appellant's Brief at 5-6.[9]

## PCRA Claims

In his first claim, Appellant argues that his convictions are legal nullities and his sentences are illegal because, at the time the Commonwealth filed these charges, they were barred by the applicable statute of limitations. Appellant's Brief at 25-30. Appellant further alleges that he was coerced to plead guilty. *Id.* at 28, 30.

It is well settled that "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition . . . ." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (citation omitted). Generally, "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." ***Id.***; ***but see Commonwealth v. Moose***, 245 A.3d 1121, 1128 (Pa. Super. 2021) (*en banc*) (explaining that in ***Commonwealth v.***

---

[9] Appellant repeatedly claims that the trial court did not fully address his issues in its Rule 1925(a) statement and requests that this Court remand this matter to the trial court to issue a more responsive supplemental Rule 1925(a) opinion with findings of fact and conclusions of law. Appellant's Brief at 23-24, 26-27, 29-30. For the reasons set forth herein, we conclude that Appellant is not entitled to relief on his claims, therefore, Appellant's requests for remand are moot.

***Lacombe***, 234 A.3d 602 (Pa. 2020), our Supreme Court "emphasized that petitioners may challenge the application of a sexual offender registration statute outside the framework of the PCRA"), *appeal denied*, 268 A.3d 1077 (Pa. 2021). Our Supreme Court has repeatedly stated that the "legality of the sentence is always subject to review within the PCRA where . . . the petition is timely." ***Commonwealth v. DiMatteo,*** 177 A.3d 182, 192 (Pa. 2018) (citations omitted). A claim that a guilty plea was unlawfully induced also falls within the scope of the PCRA. ***See, e.g.***, ***Commonwealth v. Oliver***, 128 A.3d 1275, 1280 (Pa. Super. 2015) (citing 42 Pa.C.S. § 9543(a)(2)(iii)).

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Therefore, the courts of this Commonwealth do not have jurisdiction over an untimely PCRA petition. ***Id.*** (citation omitted); ***see also Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that in the absence of a timely filed PCRA petition, "even if there was an obvious illegality in [the] sentence, the PCRA court would not have had jurisdiction to consider [the] claim.").

Further, it is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Albrecht**, 994 A.2d at 1094 (citation omitted and some formatting altered); **see also** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here the trial court explained:

On April 15, 2021, [Appellant] filed a *pro se* "motion to update/correct reporting assignment to Subchapter I," properly characterized as [Appellant's] fourth petition for post-conviction collateral relief ("petition") . . . .

On April 20, 2021, this court filed a notice of disposition without a hearing ("notice") pursuant to Pennsylvania Rule of Criminal Procedure 907 in which [Appellant] was advised that: (1) his PCRA petition was untimely; and (2) he did not satisfy his burden for an exception to the timeliness requirement under 42 Pa.C.S.[] § 9545(b)(1). [Appellant] was afforded twenty (20) days from the date of the notice to file a response to the proposed dismissal.

On May 10, 2021, [Appellant] timely filed an "objection to this court's misconstruction of his motion as an untimely PCRA," ("objection") arguing . . . [that] he was not raising any claims under the PCRA, but rather challenging the collateral consequences of his criminal conviction.

\* \* \*

On August 2, 2021, this court filed a notice of disposition without hearing and order scheduling hearing on [Appellant's] challenge to collateral consequences of his criminal conviction in which [Appellant] was advised that: . . . in accordance with our April 20, 2021 notice, [Appellant's] *pro se* fourth PCRA, and all claims cognizable under the PCRA, were denied as untimely . . . .

Trial Ct. Order, 11/24/21, at 3-5 (citations omitted and formatting altered).

Insofar as Appellant challenges the legality of the sentence and voluntariness of the plea, those claims are cognizable under the PCRA. **See DiMatteo,** 177 A.3d at 192; **Oliver**, 128 A.3d at 1280. Therefore, these claims must be brought in a timely PCRA petition. **See Taylor**, 65 A.3d at 466. Here, the record reflects that Appellant's judgment of sentence became final on May 15, 2015. **See** 42 Pa.C.S. § 9545(b)(3). Therefore, Appellant's instant motion, filed on April 15, 2021, was facially untimely under the PCRA. Further, Appellant has failed to allege any exception to the PCRA's one year time-bar. Therefore, we agree with the trial court that Appellant's PCRA claims are untimely. **See Albrecht**, 994 A.2d at 1093-94; **Jackson**, 30 A.3d at 521. Accordingly, Appellant is not entitled to relief on his PCRA claims.

**SORNA II Registration**

In his remaining claims, Appellant challenges his obligation to register under SORNA II.[10] Appellant's Brief at 14-21. First, Appellant contends that the record from the plea hearing established that Appellant's offenses of statutory sexual statutory sexual assault at Docket No. 681-2014 and possessing child pornography at Docket No. 917-2014 occurred between 1995 and 1997. **Id.** at 14-16, 20, 22. Therefore, Appellant argues that the trial court erred in ordering him to register under Subchapter H of SORNA II, which applies to offenses that occurred after December 20, 2012. **Id.** at 14-16, 23.

---

[10] To the extent Appellant argues that he cannot be required to register because his convictions are nullities, he is not entitled to relief on that claim for the reasons set forth above concluding that Appellant's PCRA claims are time-barred.

Appellant also claims that he is entitled to specific enforcement of his plea agreement, and he argues that the agreement included a term stating that he did not have to register under SORNA II. *Id.* at 17-20.

Second, Appellant claims that he is not subject to registration under Subchapter I because statutory sexual assault is not an enumerated offense. *Id.* at 22-23. Therefore, Appellant concludes that the trial court erred in denying his request to modify his sex offender registration requirements.[11,12]

_____

[11] Appellant also claims that the trial court erroneously classified him as an SVP and that designation violates his constitutional right to reputation. Appellant's Brief at 23. Appellant did not include these issues in his Rule 1925(b) statement or in the statement of the questions involved in his brief. Therefore, these claims are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

[12] In the statement of the case portion of his brief, Appellant includes additional argument attacking the factual basis of his plea to possessing child pornography, alleging prosecutorial misconduct, asserting ineffective assistance of PCRA counsel, claiming that the application of SORNA II to him is unconstitutional, and contending that the trial court erred in denying his motion to amend his sex offender registration requirements. Appellant's Brief at 7-10. Our Rules of Appellate Procedure strictly prohibit argument in a statement of the case. *See* Pa.R.A.P. 2117(b) (stating "[t]he statement of the case shall not contain any argument"). Therefore, we will not consider any claims not presented in the argument section of Appellant's brief. As stated above, Appellant impugns the integrity of the prosecutor in his statement of the case. Our Rules require that the statement of the case must present a balanced and therefore neutral statement of the facts and procedural history. *See id.* (stating "[i]t is the responsibility of appellant to present in the statement of the case a **balanced presentation of the history of the proceedings** and the respective contentions of the parties" (emphasis added)).

- 11 -

Initially, as we have discussed, our Supreme Court has held that petitioners may challenge the application of a sexual offender registration statute outside the time bar restrictions of the PCRA. *See Lacombe*, 234 A.3d at 618 (stating that "we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider" the defendant's petition challenging his registration requirements); *see also Moose*, 245 A.3d at 1128. Therefore, to the extent Appellant raises claims concerning his SORNA II registration requirements, we may review these issues because they are not subject to the PCRA's timeliness requirements. *See Lacombe*, 234 A.3d at 617-18; *cf.* 42 Pa.C.S. § 9545(b).

Appellant's SORNA II claims concern a review of the relevant statutes, which raise a question of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary. *Lutz-Morrison*, 143 A.3d at 894.

By way of background, we note that in 2011, the Pennsylvania General Assembly passed former Subchapter H, also referred to as "SORNA I," to govern the registration of individuals convicted of certain sexual offenses with the Pennsylvania State Police. *See* Act of Dec. 20, 2011, P.L. 446, No. 111 § 12; *see also Commonwealth v. Lippincott*, 208 A.3d 143, 146 (Pa. Super. 2019) (*en banc*). SORNA I took effect on December 20, 2012.

In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (plurality), our Supreme Court declared SORNA I unconstitutional because its registration provisions were punitive and therefore violated the *ex post facto* clauses of

- 12 -

both the United States and Pennsylvania Constitutions. *Commonwealth v. Butler*, 226 A.3d 972, 980-81 (Pa. 2020). In *Lippincott*, this Court concluded that the effective date of a statute was determinative for considering whether SORNA I applied to a defendant. *Lippincott*, 208 A.3d at 149.

In response to *Muniz*, the General Assembly enacted legislation to amend SORNA I. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10) and Act of June 12, 2018, P.L. 1952, No. 29 (Act 29) (collectively, SORNA II). Act 10 amended several provisions of Subchapter H and added Subchapter I. Both current Subchapter H and Subchapter I require an individual who has been designated as an SVP to register for life. *See* 42 Pa.C.S. §§ 9799.15(a)(6), (d), 9799.55(b)(3). However, the current version of Subchapter H states that it applies to defendants who commit sexually violent offenses **on or after** December 20, 2012. *See* 42 Pa.C.S. § 9799.12 (defining "sexually violent offense" for the purposes of Subchapter H) (emphasis added). Under Subchapter H, an individual's period of registration begins upon release from incarceration, and an individual may not be released on parole until the State Police has received the information required for his initial registration. *See* 42 Pa.C.S. §§ 9799.15(b)(1)(i)(A), 9799.19(l)(2)(iv).

Subchapter I is entitled "Continued Registration of Sexual Offenders." Subchapter I, in relevant part, states that it applies to defendants who commit a sexually violent offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S. §§ 9799.52, 9799.53 (defining "sexually violent

offense" for the purposes of Subchapter I). Furthermore, "Subchapter I contains less stringent reporting requirements than [current] Subchapter H[.]" *Commonwealth v. Alston*, 212 A.3d 526, 529 (Pa. Super. 2019) (citations omitted).

In the context of guilty pleas, this Court has explained:

[W]hen a registration scheme is **not punitive**, it constitutes a collateral consequence of a guilty plea. Further, because non-punitive registration requirements are not criminal punishment, they would not materially alter a negotiated term establishing a petitioner's criminal sentence. Under these circumstances, a petitioner must demonstrate that non-registration, or a specific term of registration, was part of the negotiated plea. *See* [*Commonwealth v. Hainesworth*, 82 A.3d 444, 448 (Pa. Super. 2013) (*en banc*)] (stating that "the dispositive question is whether registration was a term of the bargain struck by the parties").

*Moose*, 245 A.3d at 1133 (some citations omitted).

Although "a plea agreement arises in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards." *Hainesworth*, 82 A.3d at 449 (citation omitted and formatting altered). Our Supreme Court has explained that "[c]ontract interpretation is a question of law for the court; ambiguities are to be resolved in favor of a reasonable rather than an absurd or unreasonable interpretation[.]" *Starling v. Lake Meade Prop. Owners Ass'n, Inc.*, 162 A.3d 327, 346 (Pa. 2017); *see also Wert v. Manorcare of Carlisle PA, LLC*, 124 A.3d 1248, 1253 (Pa. 2015) (explaining that courts "will not interpret one provision of a contract in a manner which results in another portion being annulled" (citation omitted)).

Additionally, when reviewing a motion to enforce a plea agreement, this Court has explained:

> In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement. Such a determination is made based on the totality of the surrounding circumstances, and any ambiguities in the terms of the plea agreement will be construed against the Commonwealth.

*Hainesworth*, 82 A.3d at 447 (citations omitted and formatting altered); *see also Commonwealth v. Nase*, 104 A.3d 528, 534-35 (Pa. Super. 2014) (concluding that, based on statements from the prosecutor and defense counsel during the plea hearing and the sentencing hearing, the defendant's plea agreement included a term that the defendant had to register as a sex offender for a ten-year period and not for twenty-five years).

Further, this Court has held that when a defendant enters a negotiated guilty plea stating that the defendant does not have to register as a sex offender, the defendant is entitled to specific enforcement of that agreement. *Hainesworth*, 82 A.3d at 450. However, we note that when a defendant pleads guilty and makes statements under oath at the plea colloquy, the defendant may not later contradict those statements. *See, e.g.*, *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (noting, in the context of a request to withdraw a guilty plea, that the defendant "is bound by the statements he makes in open court while under oath" during the plea colloquy (citation omitted)).

Here, during the plea hearing, the trial court asked Appellant if he understood that as consequence of his plea, he would be required to register as a sex offender, and Appellant replied that he understood. *See* N.T. Plea Hr'g at 11. The trial court also informed Appellant that the Sexual Offender Assessment Board would conduct an evaluation, but the trial court would ultimately determine if Appellant was an SVP. *See id.* at 11-12. Appellant stated that he understood. *See id.* at 12. Further, the Commonwealth stated that Appellant's plea was "not an agreement or any case contemplated by []
***Hainesworth*** whereby a plea agreement was specifically tailored to avoid registration. This is not the case." N.T. Plea Hr'g at 15. Appellant's plea counsel agreed with the Commonwealth. *See id.*

In its Rule 1925(a) opinion, the trial court explained:

In his [written] guilty plea and colloquy [at Docket Nos. 681-2014 and 917-2014], [Appellant] indicated "I intend to plead guilty to the following criminal offense(s): [at Docket No. 917-2014] . . . count I, possess[ing] child pornography . . . [and] count IV possess[ing] child pornography." As stated above, the date fixed in the criminal information for the charges [Appellant] pleaded guilty to was April 1, 2014. In addition, under section 9 entitled "rights I give up by entering a plea of guilty," [Appellant] indicated, "I am convicting myself of the charges to which I am pleading guilty, and I will be presumed guilty of those charges beyond a reasonable doubt." Finally, under section 10 entitled, "other important consequences of my guilty plea," [Appellant] indicated, "I understand that by pleading guilty I will be convicted of crimes[s] and there may be some collateral consequences of this criminal conviction."

Based on the foregoing, we find [Appellant] knowingly and voluntarily pleaded guilty to [possessing] child pornography offenses committed on April 1, 2014. Because [Appellant] pleaded guilty to offenses committed after December 20, 2012,

> his classification under SORNA [II] Subchapter H is appropriate and his challenge to the collateral consequences of his criminal conviction lacks merit.

Trial Ct. Order, 11/24/21, at 8 (citations and footnotes omitted, formatting altered).

Based on our review of the record, under the totality of the circumstances, we conclude that Appellant's plea agreement did not contain a negotiated term stating that he was not required to register as a sex offender. As stated above, Appellant acknowledged during the plea colloquy that he would be subject to registration as a result of his guilty plea. Appellant may not present a claim that contradicts the statements that he made under oath at the plea colloquy. **See, e.g.**, **Pollard**, 832 A.2d at 523.

Further, there is no indication in the record that Appellant or the Commonwealth reasonably understood that non-registration was a term of the plea agreement. To the contrary, both Appellant's plea counsel and the Commonwealth agreed that the plea agreement was not structured to avoid the registration requirements. **See Nase**, 104 A.3d at 534-35 (examining the statements of the prosecutor and defense counsel on the record to determine the terms of the plea agreement).

Finally, to the extent that Appellant argues that he was not required to register as a sex offender because the plea agreement established that the charges of possessing child pornography at Docket No. 917-2014 occurred between 1995 and 1997, a date range that is partially outside the effective period of SORNA Subchapter I, we disagree. As noted previously, the record

from the plea hearing reflects that Appellant, his plea counsel, and the Commonwealth all agreed that Appellant would be subject to sex offender registration as a result of his guilty plea. Were we to accept Appellant's claim that he pled guilty to offenses that were outside the scope of SORNA, it would annul the parties' agreement regarding Appellant's obligation to register. **See Wert**, 124 A.3d at 1253 (courts will not interpret our portion of a contract in such a way that it would annul another portion of that contract). Further, a reasonable interpretation of the plea agreement is that Appellant was required to register as a sex offender because he pled guilty to two counts of possessing child pornography, and that the date range of 1995 to 1997 only applies to the statutory sexual assault charge. **See Starling**, 162 A.3d at 346 (when interpreting a contract, the court must choose a reasonable interpretation and not an absurd or unreasonable one). Therefore, to the extent Appellant seeks to avoid sex offender registration requirements based on his plea agreement, he is not entitled to relief. **See Hainesworth**, 82 A.3d at 450.

With respect to the applicability of SORNA II's registration requirements, the record reflects that Appellant pled guilty to offenses charged in two separate criminal informations and filed under two different dockets. **See** N.T. Plea Hr'g at 7. In Docket No. 917-2014, the criminal information stated that Appellant possessed child pornography on April 1, 2014.[13] **See** Criminal

_____

[13] As stated above, there is no merit to Appellant's claim that the plea agreement included a term that his possession of child pornography occurred
*(Footnote Continued Next Page)*

- 18 -

Information, 917-2014, 5/15/14, at 1. In Docket No. 681-2014, the criminal information stated that Appellant committed statutory sexual assault between October 3, 1995 and October 3, 1997. **See** Criminal Information, 681-2014, 4/23/14, at 1.

Although Appellant's statutory sexual assault conviction is within the date range for Subchapter I, statutory sexual assault is not an enumerated offense under that Subchapter. **See** 42 Pa.C.S. §§ 9799.52, 9799.53, 9799.55. Therefore, Subchapter I does not apply to that conviction. **See id.**

However, because Subchapter H applies to enumerated offenses committed after December 20, 2012, it is applicable to Appellant's two convictions for possessing child pornography in April of 2014. **See** 42 Pa.C.S. § 9799.11(c). Under Subchapter H, possessing child pornography is a Tier I offense, which requires registration for a period of fifteen years.[14] **See** 42

_____

between 1995 and 1997. Further, when a defendant enters a guilty plea, courts may rely on the date of the offense as charged in the information to determine which Subchapter of SORNA, if any, applies to a defendant's convictions. **See, e.g.**, **Commonwealth v. Luciani**, 201 A.3d 802, 807-08 (Pa. Super. 2018) (concluding that Subchapter H did not apply to the defendant's convictions under one docket number where the information alleged that the offenses occurred prior to Subchapter H's effective date, but Subchapter H applied to convictions under a second docket number where that information alleged that the offenses occurred after its effective date).

[14] As noted above, both the Commonwealth and Appellant's plea counsel stated during the plea hearing that Appellant would be required to register as a Tier III offender because of his two convictions for possessing child pornography. **See** N.T. Plea Hr'g at 14-15. 42 Pa.C.S. § 9799.14(d)(16) treats two or more convictions for Tier I or Tier II offenses as a Tier III offense. However, this section does not apply to Appellant's convictions because they

*(Footnote Continued Next Page)*

Pa.C.S. §§ 9799.14(b)(9), 9799.15(a)(1). However, the trial court found that Appellant was an SVP, which requires Appellant to register for life. **See** 42 Pa.C.S. § 9799.15(d) (stating that "[a]n individual convicted of a Tier I sexual offense, . . . who is determined to be a sexually violent predator under section 9799.24 . . . shall register for the life of the individual"). Therefore, to the extent Appellant claims that Subchapter H does not apply to his convictions for possessing child pornography, he is not entitled to relief. **See Lutz-Morrison**, 143 A.3d at 894.

Lastly, to the extent Appellant argues the trial court should correct his registration and notification requirements regarding his statutory sexual assault conviction, those requirements will not commence until he is released from prison. **See** 42 Pa.C.S. §§ 9799.15(b)(1)(i)(A), 9799.19(l)(2)(iv). Appellant is still incarcerated[15] and has not made any representations that his release on parole is imminent. If Appellant wishes to challenge registration requirements that may apply to him when his release is imminent, he can do so at that time. **See Gregory v. Pennsylvania State Police**, 160 A.3d 274, 278 (Pa. Cmwlth. 2017) (single judge op., Cohn Jubelirer, J.)[16] (holding that

_____

did not involve "an act, a conviction, and a subsequent act . . . ." **Lutz-Morrison**, 143 A.3d at 895. We also note that although **Lutz-Morrison** interpreted SORNA I, when the General Assembly enacted SORNA II, it did not amend Section 9799.14(d)(16). **See** Act 10; Act 29.

[15] A search on http://inmatelocator.cor.pa.gov on November 28, 2022, indicated that Appellant was still incarcerated on that date.

[16] A reported single-judge opinion of the Commonwealth Court may be cited for its persuasive value. **See** Pa.R.A.P. 126(c)(2).

action against the state police challenging SORNA's application to a prisoner was ripe for disposition when the prisoner was facing release as soon as a home plan was approved).  Therefore, Appellant is not presently entitled to relief on this claim.

For these reasons, Appellant is not entitled to relief.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022